## HARVIN v. GALLUCHAT.

1. An order to pay the holder out of a fund due to the drawer, operates as an assignment of so much of this fund; but the drawee having paid the fund over to the drawer without any actual notice having been given to the drawee or received by her (although given to her husband), the drawee is not liable to this assignee.
2. In such cases the assignee cannot rely upon constructive notice to the debtor; the notice must have been actually received.

Before WITHERSPOON, J., Clarendon, March, 1887.

This action was to foreclose a mortgage to the extent of a sum which plaintiff claimed as equitable assignee. After a statement of the pleadings, the Circuit decree proceeded as follows:

No demurrer was interposed upon the ground of a defect of parties defendant. At the hearing, an oral demurrer was interposed in behalf of both defendants, upon the ground that the complaint did not state facts sufficient to constitute a cause of action against either of said defendants. A decision upon the oral demurrer was reserved, and the cause was heard upon the pleadings, testimony, and argument of counsel. The oral demurrer as to each of the defendants is hereby overruled.

At the hearing, plaintiff's counsel announced that he did not

claim any benefit from the *mechanic's lien,* provided by statute, but relied entirely upon plaintiff's equitable rights, as assignee of the order of J. T. Carr upon R. C. Galluchat, dated October 21, 1886, for $325.

If the order of Carr, in plaintiff's favor, created an equitable assignment of $325. in the hands of Col. Blanding, this amount could only be drawn upon the order of Rosa C. Galluchat. Neither Robert C. McFaddin nor John T. Carr had any control over, or right to dispose of, the fund in Col. Blanding's hands. Col. Blanding could only be protected in paying out the funds by the order or direction, or with the consent, of Rosa C. Galluchat. This seems to have been recognized by plaintiff, in attempting to procure Rosa C. Galluchat's *acceptance* of the order of J. T. Carr in his favor. Plaintiff, as assignee, can only assert the right of J. T. Carr, his assignor, to the $325. J. T. Carr's debt, as against Rosa C. Galluchat, arose under this contract for the building of the store, to which McFaddin was no party. It is not charged, nor is there any evidence to show, that McFaddin has been guilty of any improper conduct towards plaintiff. I fail to see how the plaintiff, as assignee of J. T. Carr, has acquired any rights as against McFaddin, or any *lien* upon the house and lot *superior* to the *lien* of the mortgage of the defendant, McFaddin.

It appears, that on November 10, 1886, before the commencement of this action, Rosa C. Galluchat drew an order upon Col. Blanding, in favor of J. T. Carr, for $325, being third and last instalment due upon brick store, erected for her by him. This order was endorsed by J. T. Carr to J. B. Carr, to the latter of whom Col. Blanding paid the balance of the $1,025 in his hands, November 13, 1886. Plaintiff's alleged equitable assignment could not now attach to the *funds* in Col. Blanding's hands, to which it relates, as such fund has been paid out.

As there is now no funds due by Rosa Galluchat to J. T. Carr, upon which plaintiff's alleged assignment can operate, it becomes material to inquire whether plaintiff's order operates as an assignment of a debt of $325, due by Rosa C. Galluchat to J. T. Carr. Plaintiff's order on Rosa C. Galluchat was an assignment of a chose in action. Courts of Equity will give effect to assignments of choses in action, and no particular form of words is necessary

to constitute an assignment of a debt or other choses in action. A draft drawn by A on B, in favor of C, for a valuable consideration, amounts to a valid assignment to C of so much of the funds of A in the hands of B. The assignee, however, should immediately *give notice* of the assignment to the debtor, or the debt may be discharged by payment to the assignor before notice. 2 *Story Eq. Jur.*

Before Rosa C. Galluchat can be held liable to plaintiff, as assignee of J. T. Carr, plaintiff must make it appear affirmatively, not only that Rosa C. Galluchat had obligated herself to pay J. T. Carr, under his contract with her, the amount expressed in Carr's order, in plaintiff's favor, but also that she had *actual notice* of said order before she paid said debt to J. T. Carr. The amount expressed in J. T. Carr's order, in plaintiff's favor, was due November 1, 1886, under his contract with Rosa C. Galluchat. Rosa C. Galluchat, by her order upon Col. Blanding November 10, 1886, in favor of J. T. Carr, acknowledged that she then owed Carr, under her contract with him, the amount expressed in his order, in favor of plaintiff. Whilst, as a matter of fact, I believe there is sufficient evidence of a debt due by Rosa C. Galluchat to J. T. Carr, at the date of J. T. Carr's order in plaintiff's favor, yet, as a *matter of law*, I do not think there is sufficient evidence of *actual notice* to Rosa C. Galluchat of J. T. Carr's order in plaintiff's favor, before she made payment to J. T. Carr, to render her liable to pay said amount again to plaintiff, as assignee of J. T. Carr.

I conclude, as a matter of fact: I. That on October 21, 1886, for a valuable consideration, J. T. Carr delivered to plaintiff an order on Rosa C. Galluchat for $325, as set forth in plaintiff's complaint, and that the said Rosa C. Galluchat was then under contract to pay, and did subsequently pay, on November 10, 1886, to said J. T. Carr the $325 referred to in J. T. Carr's order in plaintiff's favor.

I conclude, as matter of law: I. That the order of J. T. Carr on Rosa C. Galluchat, in plaintiff's favor, as aforesaid, amounted to an equitable assignment to plaintiff of a debt of Rosa C. Galluchat to J. T. Carr. II. That Rosa C. Galluchat did not have actual notice of said equitable assignment to plaintiff before she

paid said debt to J. T. Carr, and is not, therefore, liable to plaintiff, as assignee, to pay said debt.

It is therefore ordered and adjudged, that plaintiff's complaint be dismissed, as to each of the defendants, Rosa C. Galluchat and Robert C. McFaddin, with costs.

Plaintiff appealed upon the following exceptions:

I. It was error in his honor to hold that the defendant's, Robert C. McFaddin's, rights as mortgagee are in no wise to be affected by the plaintiff's rights under the equitable assignment.

II. It was error in his honor to hold that the plaintiff must make it appear affirmatively that the defendant, Rosa C. Galluchat, had actual notice of the assignment; for, it is respectfully submitted, the plaintiff exercised due diligence, as appeared by the evidence establishing: 1. That due notice of the assignment was given by the plaintiff to Joseph Galluchat, husband of defendant, and who acted throughout the defendant's business as her agent in all but the one thing of signing her name. 2. That written notice of the assignment, its character and consideration, was mailed in due time to the defendant, Rosa C. Galluchat, and was received by her husband and disposed of by him as her agent. 3. That written notice was given to Col. J. D. Blanding, depositary and stakeholder for the defendants, which was received by him in due time.

III. Because the notice of the assignment given, its character and consideration, were sufficient to bind both defendants.

IV. Because the rights of the defendant, Robert C. McFaddin, were, as mortgagee, subordinated to the plaintiff's rights as assignee.

V. Because the plaintiff was subrogated by the terms of the assignment to all the rights of J. T. Carr, and the payment of the three hundred and twenty-five dollars could only be made to the plaintiff.

VI. Because the judgment of the court is contrary to equity and the law of the case.

*Mr. B. P. Barron,* for appellant.

*Messrs. J. F. Rhame* and *J. D. Blanding,* contra.

March 5, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, brought the action below against the respondents, alleging the following facts in his complaint, to wit: That the respondent, Rosa C. Galluchat, owning an unimproved lot in the town of Manning, and desiring to erect a brick store house thereon, borrowed from respondent, McFaddin, $1,025, the payment of which she secured by a mortgage of the premises, covenanting therein that said sum would be expended in the construction of the proposed building; that the said Rosa C. employed one Joshua T. Carr to put up this building for the said $1,025, the said Carr to furnish all necessary material; that Carr, with the knowledge of the said Rosa C. Galluchat, purchased from the appellant brick and lumber and other material to the amount of $346.48, which went into the house, and for which Carr gave to appellant an order on Mrs. Galluchat for $325, requesting the said Mrs. Galluchat to pay the same to appellant "out of the next payment when due on the brick building which he was then building"; that notice of said order was immediately given to the said Mrs. Rosa C. Galluchat and to respondent, McFaddin, and demand made for the sum assigned, and also notice that said sum was for material, brick, lumber, &c., furnished by the appellant to Carr in the erection of the store house mentioned. Upon which allegations he demanded judgment for the sum of $325, with interest from October 21, 1886, date of the order against the said Rosa C., and that the brick house and lot be sold, the proceeds to be applied to the payment of the said order, the appellant claiming a first lien in preference to any other lien or mortgage on the premises.

The respondents answered separately, Mrs. Galluchat denying the main allegations in the complaint, especially as to knowledge on her part that the appellant had furnished the materials claimed, and as to notice to her of the order mentioned, or that plaintiff intended to claim a lien on the building, averring that at the date of the order she owed nothing to Carr, and that at the commencement of the action she owed nothing, having, previous to that time, paid the said Carr in full. Also stating that she had understood that such an order had at one time been presented to her husband, "but had been withdrawn to add something to it, or to

amend it." McFaddin answered, admitting that shortly after the date of the order in favor of plaintiff, notice thereof was given to Col. J. D. Blanding, his attorney, and in whose hands, by agreement with Rosa C. Galluchat, the $1,025 lent her had been placed, to be paid out on her contract with Carr, the builder; and that at the time of said notice Col. Blanding had the sum of $325 on hand, but that he had been advised that Mrs. Rosa C. Galluchat refused to give an order on Col. Blanding to the plaintiff; on the contrary, had given an order to Carr herself for said sum, which Col. Blanding had paid, and he denied that the plaintiff had any superior lien to his mortgage.

The case was heard by his honor, Judge Witherspoon, upon testimony taken at the trial. During the hearing, appellant's counsel announced that appellant did not rely upon a mechanic's lien, as provided by statute. The case, therefore, was tried upon the other questions involved. His honor found that at the time of the order from Carr to appellant, Mrs. Galluchat was indebted to Carr in the sum of $325, the amount of the order under the building contract, and he held that said order was an equitable assignment to appellant of said sum. He further found that Mrs. Galluchat did not have actual notice of the order to appellant before she ordered said sum to be paid to Carr himself, which he held was necessary to make her liable to the appellant in this action, and, therefore, he ordered and adjudged, that the complaint be dismissed as to each of the defendants, with costs.

The appellant does not distinctly question in his exceptions the correctness of his honor's holding, that Mrs. Galluchat did not have actual notice in the sense of positive personal notice of the order from Carr to the appellant before directing payment to Carr himself, but he contends that notice was given to her husband, also to Col. Blanding, attorney, who held the money, and that such notice was mailed to Mrs. Galluchat in time, which was received by her said husband; and that these notices amounting, as he claims, to notice to Mrs. Galluchat, were sufficient to fix her liability. And he alleged error to his honor, because he held, that in order to hold Mrs. Galluchat liable to plaintiff, he should make it appear affirmatively that she had received actual notice of the order to plaintiff before she paid the debt to Carr, doubtless

understanding the term, *actual notice*, as used by his honor, to mean personal notice, as contradistinguished from notice to the parties mentioned above.

The single question in the case, then, is, was it error in his honor to rule, as matter of law, that personal notice to Mrs. Galluchat was necessary, and, consequently, that the notices to the other parties mentioned were insufficient, there being no evidence that said notices had ever reached Mrs. Galluchat? It is laid down in all the authorities upon the subject of assignment of unnegotiable paper (Story, Pomeroy, and in numerous cases), that in order to protect his rights under an assignment, the first duty of the assignee is to *give* notice to the debtor. A failure to do this is at the peril of losing the debt, either by a subsequent assignment to another party, or new defences arising between the assignor and the debtor, or a payment by the debtor to the assignor.

It is true the term "actual" is not used in the authorities as qualifying the notice, but it is said that notice must be *given* to the *debtor*, and when the purpose and object of the notice is considered, we are forced to the conclusion that actual personal notice is what is meant. The object of the notice is not only to protect the assignee, but the debtor also. The debtor has contracted to pay a certain party, and at common law he could not, by assignment of his contract, be made the debtor of another with whom he did not contract, and to whom, perhaps, he would not have voluntarily assumed the relation of debtor. Equity, however, has practically repealed the common law on this subject, in enlarging the rights of the creditor, by recognizing his assignment; but at the same time the debtor is protected by the principle, that the assignee shall stand in the shoes of the original creditor, assignor, and that the assignment shall be subject to all the equities existing between the original parties, not only at the time of the assignment, but up to the time of notice to the debtor, which notice the assignee must give to the debtor.

Such being the object of the notice, it seems to us that anything less than actual notice would fail to accomplish it, and that it would be a short measure of justice to hold that constructive notice would be sufficient. This is not a case like recording a

deed or other paper required to be recorded, which is notice to the world, whether known or not, for the reason that knowledge is within the reach of all by proper diligence and inquiry ; but it is a case where knowledge can only come by being imparted, and which the debtor can, by no diligence required of him, ascertain ; knowledge, too, which it is the especial duty of the assignee to impart. His claim is but an equity at best, and when he comes into court to enforce it, he must come recognizing the equity of the other side, to have been informed by an actual and not a mere constructive notice of the existence of his claim, and of the time when it was acquired, because no other notice except actual notice can protect the debtor ; constructive notice being wholly insufficient, inasmuch as in its last analysis it is really the absence of actual notice.

Concurring then, as we do, with the Circuit Judge upon this question, and also upon his finding that Mrs. Galluchat did not receive actual notice of the order to the plaintiff, before the money was paid to Carr, it is unnecessary to consider the respective rights of defendant, McFaddin, and plaintiff.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.