### KAMINISKY v. TRANTHAM.

1. JURISDICTION—FORECLOSURE.—A Judge at chambers in another county than the one in which an action in foreclosure is pending, is without jurisdiction to hear a motion, or to issue a rule, or to order a resale of the premises, without such consent as is contemplated in section 144 of the Code of Civil Procedure.
2. AN APPEAL from a decree in foreclosure suspends all proceedings in Circuit Court.

Before GARY, J., Columbia, January, 14, 1895. Reversed.

Motion at chambers for rule to show cause why purchaser had not complied with bid. Rule issued, resale ordered, and defendant appeals.

*Mr. W. D. Trantham*, for appellant.

*Mr. J. D. Kennedy*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by MR. JUSTICE GARY. The proceeding out of which this appeal grows is based upon an action for the foreclosure of a mortgage, brought by the plaintiff, Hyman Kaminisky, as the assignee of John R. Falls, to whom the mortgage was given by the defendant, W. D. Trantham. Decree for foreclosure was rendered by the Honorable James Aldrich,

presiding Judge, at the June, 1894, term of the Court of Common Pleas for Kershaw County, he finding that there was due the sum of $1,213.50, with interest from date of said decree (which was filed 27th July, 1894), and ordering a sale of the property upon the terms mentioned in his decree. From this decree, J. T. Hay, one of the defendants, who purchased said premises at a sale thereof on salesday in January, 1893, under judgment of *Patterson, Renshaw & Co.* v. *W. D. Trantham, et al.*, and who was, and still is, in possession of the mortgaged premises, gave notice of his intention to appeal, and on the        day of        , 1894, the return was filed with the clerk of this Court.

At the September, 1894, term of Court of Common Pleas for Kershaw County, his Honor, Judge Benet, presiding, an order was made directing the mortgaged premises to be sold on the first Monday in November, Judge Aldrich having previously amended his decree by providing that the sale be made by the sheriff instead of the master, who, it seems to be conceded, is without authority of law to make such sale in Kershaw County. At the sale, on the first Monday in November, 1894, the lands were bid off by W. D. Trantham, attorney, at the price of $2,000. The purchaser having failed to comply with the terms of sale, he was served, on the 18th of December, 1894, with a copy of an order signed by his Honor, Ernest Gary, Judge of the Fifth Circuit, at chambers, in Columbia, S. C., on the 17th of December, 1894, requiring said purchaser to show cause before him, "at chambers, in Columbia, S. C., on Tuesday, the 20th day of December, 1894, at 12 o'clock M., or as soon thereafter as counsel can be heard, as to why he has not complied with the terms of said decretal order, and, if sufficient cause be not shown therefor, as to why a resale of said premises should not be ordered."

The defendant, W. D. Trantham, Esq., pleaded orally to his Honor's jurisdiction to sign the rule or hear the return thereto, at chambers, and without the county in which the lands are situated, and pending appeal to the Supreme

Court. His Honor held that he had jurisdiction in the premises. The defendant made return showing that he purchased as attorney, and stating why the terms of sale had not been complied with. Such return was held to be insufficient, and the premises ordered to be resold.

The defendant appeals upon three exceptions, the first and second of which are as follows: 1. "Because his Honor was without jurisdiction to grant the said rule at chambers, and without the county in which the lands involved in the suit are situated." 2. "Because his Honor was without jurisdiction to hear the return to said rule at chambers, and without the county in which the lands involved in the suit are situated."

Section 2247 confers upon the Judges of the Courts of Common Pleas certain powers at chambers, but this section must be construed in connection with section 144 of the Code. *Woodward* v. *Elliott*, 27 S. C., 368. The order to show cause was granted, and the proceedings heard and determined in a county other than that in which the action of foreclosure was instituted and pending. There was not such consent for the hearing of the proceedings as is contemplated by section 144 of the Code, and his Honor was without jurisdiction in the premises. These exceptions are, therefore, sustained.

The third exception is as follows: 3. "Because an appeal in said cause having been filed in the Supreme Court of South Carolina prior to the issuing of said rule, his Honor was without jurisdiction to grant the same, or to hear the return thereto, or to make any other order in the cause pending such appeal." The cases of *Banks* v. *Stelling*, 32 S. C., 102; *Elliott* v. *Pollitzer*, 24 S. C., 86; *LeConte* v. *Irwin*, 23 S. C., 112; *Hammond* v. *R. R. Co.*, 15 S. C., 35, sustain the doctrine for which the appellant contends in this exception.

It is the judgment of this Court, that the order of the Circuit Judge be reversed.