## THE BANK OF COLUMBIA v. GADSDEN.

1. NOTICE—ASSIGNMENT—CHOSE IN ACTION—SET OFF.—EVIDENCE that defendants had no notice of assignment of past due chose in action until demand for payment, in absence of other proof, is sufficient to show that such notice was not given until suit commenced.

2. IBID.—IBID.—IBID.—IBID.—IBID.—THE BURDEN OF PROOF rests on an assignee of a past due chose in action to show that the assignment and notice thereof to obligor was prior to accrual of set off against the assignor.

3. PLEADINGS—SET OFF.—THE STATUTE OF LIMITATIONS may be set up by plaintiff without pleading it to an equitable defense of set off against plaintiff's assignor by way of avoidance.

4. LIMITATION OF ACTIONS—SET OFF.—A mere set off pleaded as a defense to a chose in action is barred in six years if a simple contract, and in ten years if matter not otherwise provided for. *Mr. Justice Gary dissents.*

5. IBID.—ACKNOWLEDGMENT—SET OFF.—Neither an indorsement on a summons in foreclosure acknowledging the debt as principal, nor a bond of indemnity executed after payment of set off, neither of which refer to such payment, can be construed as such an acknowledgment as will prevent the statute of limitations from applying.

6. BOND OF INDEMNITY cannot be construed to embrace past loss in absence of clear language showing such intention.

7. REHEARING refused.

Before GAGE, J., Fairfield, November, 1898. Modified.

Foreclosure by The Bank of Columbia against F. M. Gadsden. From Circuit decree, defendant appeals.

*Messrs. Ragsdale & Ragsdale,* for appellant, cite: *Plaintiff must "stand in shoes" of assignor:* 38 S. C., 138; 43 S. C., 287; 45 S. C., 83; 49 S. C., 469; 50 S. C., 241. *An express contract for indemnity may be executed when the surety assumes responsibility or afterwards, and is very elastic in construction:* 4 DeS., 45; 15 S. C., 110; 15 S. C., 505; 40 S. C., 22. *Debt barred is good consideration for express promise:* 13 S. C., 328. *Notice of assignment, and burden of that proof, devolves on assignee:* 22 S. C., 10; Code, 133;

38 S. C., 138; 10 Rich. Eq., 276. *Defendant should be sub-rogated to rights of Hemphill under his judgment:* 2 McC., Ch., 464; Rich. Eq. Cas., 385; 1 McC. Ch., 116; 1 Hill Eq., 235; 7 Rich. Eq., 113; 27 S. C., 478.

*Mr. Wm. H. Lyles,* contra, cites: *Claim barred by statute cannot be sustained as an offset:* 2 Mill's Con. R., 350; 4 McC., 210. *Debt barred cannot be revived except upon un-equivocal promise to pay the same:* 21 S. C., 600. *Defense is not a counter-claim:* Code, 171, 174, 189. *The law of set off is governed by* Code, 133.

The opinion in this case was filed July 10, 1899, but re-mittitur stayed on petition for rehearing until

November 29, 1899. The opinion. of the Court was de-livered by

MR. JUSTICE JONES. This action was for foreclosure of a real estate mortgage, executed by defendant, Gadsden, to W. R. Doty & Co., March 12th, 1884, assigned by Doty & Co. to John C. Gadsden, March 27th, 1896. Some time after maturity of the note which it secured, it was trans-ferred by John C. Gadsden to the plaintiff bank, as collateral to secure a loan of money. Defendant set up as a special de-fense: "I. That at the time of the assignment of the note and mortgage described in the complaint by John C. Gads-den to the plaintiff, the same was long past due, and the plaintiff took the same subject to all equities between the de-fendant and the said John C. Gadsden. 2. That at the time of the assignment of the note and mortgage to the plaintiff by the said John C. Gadsden, as aforesaid, he was indebted to the defendant for money paid by the defendant for him, at his request and for his benefit, in an amount exceeding the amount due on the note and mortgage set forth in the com-plaint, and the plaintiff can now have no claim against this defendant on the said note and mortgage." Under this de-fense, no question having been raised as to its definiteness, defendant established that as surety for John C. Gadsden on

a bond secured by a mortgage of real estate belonging to the
defendant and John C. Gadsden, executed to D. R. Flenni-
ken in May, 1884, which was afterwards assigned to John J.
Hemphill, he (defendant) paid to Hemphill thereon $250,
February 3d, 1886, which was duly credited on the bond.
Afterwards Hemphill brought suit to foreclose his mort-
gage, and obtained a decree of foreclosure in October, 1896.
The decree provided that the land of John C. Gadsden should
first be sold, but in case the proceeds thereof be insufficient to
pay the mortgage debt, then to sell the land of F. M. Gads-
den.    After the sale of the tract of John C. Gadsden, the
deficiency was $161.55, which the defendant, F. M. Gads-
den, paid February 20, 1897.   These two payments as surety
are interposed as an equitable set off or defense against re-
covery in this case by John C. Gadsden's assignee.    The
Circuit Court held that neither claim could be set off, and the
appeal now involves the correctness of the rulings of the
Court in reference thereto.

1. We will notice first the question raised as to the pay-
ment of the $161.55, February 20th, 1897. · The assign-
ment to plaintiff was shortly after March, 1896, and the
action was commenced March 15th, 1897.   In reference to
this matter the ruling of the Circuit Court was as follows:
"The defendant can plead any set off existing between him
and John C. Gadsden any time before notice to de-
fendant of the assignment (Code, sec. 133).   It does
not appear when defendant got notice of the assign-·
ment.    The defendant alone testified about that matter; he
said he had no notice of the assignment until plaintiff 'de-
manded payment.'    It does not appear when payment was
demanded; suit was begun March 15th, 1897.   If defendant
did not know of the assignment on 20th February, 1897, he
can set off the payment then made; whether he had not such
notice, was a fact for him to prove."   The Court, therefore,
held that this set off could not be allowed.   We think this
was error.   In the first place, assuming that the burden of
proof rested on defendant to show that his set off accrued

before notice of the assignment, he testified that he had no such notice until payment was demanded, and the only evidence of any demand for payment was the bringing of the suit, which was after the payment of the amount claimed. Without any other evidence to the contrary, this was evidence sufficient to show that the payment was made before the notice of the assignment.

But we think the burden of proof rested on the plaintiff, as an assignee of a past due chose in action, to show not only that the assignment, but that the notice thereof to the maker or obligor, was prior to the accrual of the alleged set off against the assignor. This seems to have been the rule previous to the adoption of the civil code of procedure. *Newman* v. *Crocker,* 1 Bay, 247; *Brown & Co.* v. *Rees,* 2 Tr. Con. R., 498; *Tibbets* v. *Weaver,* 5 Strob., 144; *Jervey* v. *Strauss,* 11 Rich., 383. Sec. 133 of the Code provides: "In case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set off or other defense existing at the time of or before notice of the assignment, &c." We do not construe this as casting upon a defendant alleging a set off the duty of establishing that the set off accrued before notice of assignment. He makes a *prima facie* defense when he establishes a set off against the assignor accrued at *the commencement of the action,* which plaintiff may rebut by showing that the set off accrued after the notice of the assignment. In the case of *Harvin* v. *Galluchat,* 28 S. C., 217, this Court said: "It is laid down in all the authorities upon the subject of assignment of unnegotiable paper (Story, Pomeroy and in numerous cases), that in order to protect his rights under an assignment, the first duty of the assignee is to *give* notice to the debtor. A failure to do this is at the peril of losing the debt, either by a subsequent assignment to another party, or new defenses arising between the assignor and the debtor, or a payment by the debtor to the assignor." This set off having accrued against plaintiff's assignor before notice of the

assignment, should have been allowed as an equitable defense to the extent of the payment, with interest from the time of payment.    2. The claim to set off the $250, on February 3d, 1886, was rejected ·by the Circuit Court on the ground that the claim was barred by the statute of limitations, the action having been commenced by the plaintiff March 15th, 1897. Appellant contends that plaintiff not having formally pleaded the statute of limitations, could not avail itself of this defense against this set off.    We do not think this point is well taken.    Section 94 of the Civil Code does provide that "the objection that the action was ·not commenced within the time limited can only be taken by answer," but this could apply to a plaintiff only when called upon to answer or reply to a strict counter-claim or set off asserted as a cross-action against the plaintiff.    A counter-·claim "must be one existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action."    Defendant did not have a cause of action against the plaintiff.    While his plea was in the nature of a counter-claim or set off against the plaintiff, "standing in the shoes" of the assignor, and the sufficiency of such plea on question made should be stated by the rule which would govern if the defendant were actually suing the assignor on the set off as a cause of action; still, in this case, the plea of set off is purely defensive, going merely to defeat plaintiff's recovery, and not authorizing any affirmative relief against the plaintiff, as in the case of a counter-claim or set off by way of cross-action.    Hence, defendant's plea of "set off" is really matter of defense by way of avoidance. By section 174, plaintiff, except on defendant's motion, is not required to reply to new matter in the answer not constituting a counter-claim; and by section 189, new matter in the answer not relating to a counter-claim, "is to be deemed controverted by the adverse party as upon a direct denial or *avoidance,* as the case may require."    As the statute of limitations is matter in avoidance, it is, therefore, available to a plaintiff *ore tenus* against defendant's equitable defense

founded on an alleged cause of action against plaintiff's assignor.

3. Was the alleged "set off" of $250 barred by the statute? We have had some difficulty in reaching a perfectly satisfactory conclusion in this matter, but we hold with the Circuit Court that this defense is barred. The defendant by his pleadings is not asserting any rights of subrogation to the securities of the creditor, Hemphill, which he paid either in whole or in part, and to the remedies attaching thereto. If his defense were founded on the bond and mortgage of 1884, or the judgment thereon in 1896, a different question might be presented; but by his answer he merely alleges an indebtedness to him by plaintiff's assignor for money paid for him at his request and for his benefit. This alleges nothing more than a simple contract as a foundation of a set off against plaintiff's assignor. Treated as such, it was barred in six years. Treated as matter for relief not otherwise provided in preceding section, it was barred in ten years, under sec. 118. This payment as surety for plaintiff's assignor was made more than ten years before relief sought. When he made this payment, a cause of action accrued in his favor against his principal, John C. Gadsden, and the statute then commenced to run against it, and bars action thereon unless something has occurred to prevent. Appellant here contends that an agreement in writing and an indemnity mortgage executed by John C. Gadsden to defendant on March 20th, 1896 (previous to the assignment of the note and mortgage herein to plaintiff), prevents the bar of the statute. Hemphill commenced an action to foreclose the bond and mortgage of John C. Gadsden and F. M. Gadsden, and on the back of the summons in said action, John C. Gadsden, on March 26th, 1896, acknowledged that he was the principal debtor on said bond and mortgage, and that F. M. Gadsden was only a surety, agreeing that John C. Gadsden's land should first be sold to satisfy the mortgage; and further containing this stipulation: "And I further agree to indemnify

and save harmless the said F. M. Gadsden from any loss on said bond and mortgage." The indemnity mortgage executed on the same day recited: "Whereas I, John C. Gadsden, did on the first day of May, A. D. 1884, make and deliver my certain bond of that date to D. R. Flenniken, whereby I promised to pay to the said D. R. Flenniken the sum of $500 in two equal instalments from date; and whereas F. M. Gadsden did at my request and for my accommodation sign the said bond; now, therefore, know all men by these presents, that in order to indemnify and save harmless the said F. M. Gadsden from any loss or damage on account of the signing by him of the said bond or any renewals thereof that may hereafter be made, I have granted * * * Provided always, nevertheless, and it is the true intent and meaning of the parties to these presents, that if I, the said John C. Gadsden, do and shall well and truly pay, or cause to be paid, the said bond, and shall in all respects indemnify and save harmless the said F. M. Gadsden from any loss or damage on account of the signing by him of the said bond and mortgage or renewals thereof, then this deed of bargain and sale shall cease, determine, and be utterly null and void, otherwise to remain in full force and virtue." The Circuit Court held that these instruments did not constitute such an acknowledgment as to take the claim as to the $250 payment out of the statute of limitations, inasmuch as there is no reference in either instrument to such payment, no acknowledgment of the debt thereby incurred, and no promise to pay it. We concur in this ruling. A contract to indemnify and save harmless, ordinarily and generally, is designed to prevent or protect against loss or damage accruing subsequent to the instrument of indemnity, and in the absence of clear language showing intention to secure for a loss already sustained by the indemnitee, it cannot be construed to embrace such loss.

The judgment of the Circuit Court is modified in accordance with the views herein announced.

MR. JUSTICE GARY *dissents* from so much of the opinion of Mr. Justice Jones as decides that the alleged "set off" of $250 is barred by the statute of limitations.

Petition for rehearing was filed July 10, 1899, and remittitur ordered stayed. On November 29, 1899, the petition was refused and remittitur ordered down.