8754

·STEELE v. ATLANTIC COAST LINE R. R.

1. APPEAL—DEFAULT.—Where a Circuit Judge hears a demurrer to a complaint and after adjournment of Court files his decision overruling the demurring, giving defendant leave to answer and ordering the case placed on Calendar 1 for trial at the next term of Court, he does not thereby decide that the ends of justice would be subserved by depriving defendant of the right of appeal as provided in sec. 395 of Code of Procedure.

2. IBID.—The Judge who hears the demurrer is he who must be satisfied the ends of justice would be subserved by ordering the case to trial and not a subsequent trial Judge, before whom a motion is made to put case on Calendar 3 because answer was not served in time prescribed by order overruling demurrer.

3. IBID—ANSWER.—Where a defendant appeals from an order overruling a demurrer in which the time is fixed for serving answer, he has 20 days to serve answer from time remittitur is sent down.

4. IBID.—JURISDICTION.—After appeal from order overruling demurrer and filing return in Supreme Court, a succeeding Circuit Judge has no jurisdiction to order the case put on Calendar 3 for judgment by default.

Before RICE, J., Florence, June, 1913.    Reversed.

Action by W. M. Steele against Atlantic Coast Line R. R. Co.   From order putting case on Calendar 3 for judgment by default, defendant appeals.

*Mr. F. L. Willcox,* for appellant.

*Messrs. Ragsdale & Whiting,* contra.

March 18, 1914.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This action was commenced on the 3d of August, 1912, by the service of a summons and complaint.   On the 22d of August, 1912, the defendant served a demurrer to the complaint, on the ground that several causes of action were improperly united.   The case came on for hearing before his Honor, Judge Sease, on the 11th of October, 1912, who, after argument, reserved his decision, and on the 16th of October, 1912, after the adjournment of Court, made an order, "that the demurrer be, and it hereby is, overruled; and that the defendant answer the complaint by the first day of November, next; and that the cause be transferred to Calendar No. 1 for trial, at the November term of Court of Common Pleas for Florence county."

The following statement appears in the record:

"Within ten days after notice of the filing of this order, to wit: on October 25th, 1912, the defendant, Atlantic Coast Line Railroad Company, served notice of intention to appeal to the Supreme Court therefrom, and within due time thereafter, and before the hearing of the motion to transfer to Calendar No. 3, perfected its appeal and caused the case to be docketed in the Supreme Court for trial at the April, 1913, term thereof.

"In the meantime, on the 9th day of September, 1912, plaintiff had served upon defendant, Atlantic Coast Line

Railroad Company, notice of his intention to move before Judge S. W. G. Shipp, on the 14th day of September, 1912, for an order striking out and dismissing the demurrer above copied, as frivolous, but Judge Shipp, upon hearing the motion, refused to grant same.

"At the April, 1913, term of the Court of Common Pleas for Florence county, the plaintiff moved for an order placing the cause on Calendar No. 3, for judgment by default. The defendant, Atlantic Coast Line Railroad Company, resisted the motion on the ground that an appeal had been taken and duly perfected, from the order of Judge Thomas S. Sease, overruling the demurrer and requiring the case to proceed to trial, and that this appeal had the effect of superseding Judge Sease's order, and that no further proceedings could be taken until some trial Judge, after the taking of the appeal, should order the trial of the cause to proceed to judgment. Upon hearing the motion at April, 1913, term of the Court of Common Pleas for Florence county, Judge Rice reserved his decision, and on the 7th day of July, 1913, after the adjournment of Court, filed the following order, which bears date June 30th, 1913:

"On October 16, 1912, his Honor, Judge Sease, issued the following order in the above entitled cause. * * *

"No answer had been served up to the time the matter came up before me, but in due time an appeal was taken by defendant to the Supreme Court from the order above set out. At the April, 1913, term of Court of Common Pleas for Florence county, after due notice, the plaintiff moved this Court for an order placing the said cause on Calendar No. 3 for judgment by default.

"The defendant contends that the appeal from the above order operated as a stay of any further action in the cause, until the said appeal had been heard and disposed of.

"The plaintiff claims that such appeal did not operate as a stay, as contended by the defendant, but that, on the con-

trary, under section 395 of the Civil Code, 1912, his Honor, Judge Sease, had the right to order the cause to proceed to trial, which he did, after giving the defendant ample opportunity to answer, and the defendant not having availed itself of the permission to answer, provided for in the order referred to, is now in default.

"That provision of the Civil Code referred to is as follows:

" 'An appeal from· a judgment or decree overruling a demurrer, shall stay the further hearing of the cause, unless the presiding Judge shall be satisfied, that the ends of justice will be subserved by proceeding with the trial, and shall order the trial of the cause to proceed to judgment: *Provided, further,* That nothing contained in the preceding proviso, shall be construed to prevent a review upon appeal, from the final order or judgment in the cause, of any judgment or decree on demurrer.' * * *

"It appears to me that the section of the Code referred to, does authorize the ·Circuit Judge who hears and determines the demurrer, to 'prejudge' the merits of a probable appeal from his order overruling a demurrer; and this is done that he may speed the trial of causes, at the same time saving the rights of the losing party by preserving his right of appeal from such order, to be exercised at the same time he appeals from the final judgment, decree or order, in case such final order, judgment or decree be against him. No decided case has been called to my attention, in conflict with the views above expressed. It is, therefore, ordered:

"That the said cause be docketed on Calendar 3 of said Court for judgment by default.

"June 30, 1913.                          H. F. RICE."

Appellant's exceptions are as follows:·

"His honor, Judge H. F. Rice, erred, it is respectfully submitted, in holding that Judge Sease, by his order of

October 16th, 1912, had the right to order the cause to proceed to trial, and in holding that, in effect, the said order of Judge Sease, directed defendant to proceed to trial, whether an appeal should be taken from his order or not, and in holding that, not having served answer by the 1st of November, 1912, defendant became in default. He should have held, that the order overruling the demurrer, and requiring the case to be transferred to Calendar No. 1 for trial, at the November, 1912, term of the Court of Common Pleas for Florence county, did not have the effect of prejudging defendant's right of appeal, and that in the absence of some order of the Court of Common Pleas, after notice of appeal had been given, directing the case to proceed to judgment, the notice of appeal operated as a stay of all further proceedings in the Court of Common Pleas, and that defendant having taken all necessary steps to perfect its appeal, was not in default, and could not have been in default, until after the expiration of the twenty days from the filing of the remittitur from the Supreme Court.

2d. "His Honor erred, it is respectfully submitted, in holding that the order of Judge Sease had the effect of declaring, that the ends of justice would be subserved by proceeding with the trial, and of ordering the trial of the cause to proceed to judgment, previous to the time of the appeal, and before he, in the nature of things, had an opportunity, to pass upon the good faith or merit of the appeal. He should have held, that only after the appeal had been taken, could the presiding Judge determine whether or not the ends of justice would be subserved by proceeding with the trial, and he should have refused to declare defendant in default."

There are several reasons why the order, that the case be docketed on Calendar 3 for the purpose of enabling the plaintiff to take judgment by default, should be reversed.

1. It does not appear that his Honor, Judge Sease, was satisfied, that the ends of justice would be subserved by proceeding with the trial; nor did he order the trial of the cause to proceed to judgment.

On the contrary, the order overruling the demurrer and granting the defendant leave to file an answer, was not made until the Court had adjourned, and necessarily had the effect of a continuance until another term of the Court.

2. The "presiding Judge" who must be satisfied that the ends of justice would be subserved, by proceeding with the trial, is the Judge who hears the demurrer, and not the Judge who presides at a subsequent term of the Court.

3. The defendant had twenty days within which to answer the complaint, after the remittitur was sent down. *Barnwell* v. *Marion,* 56 S. C. 54, 33 S. E. 575; *Hubbard* v. *Furman University,* 80 S. C. 63, 61 S. E. 210.

4. His Honor, Judge Rice, did not have jurisdiction to grant the order, that the case be docketed on Calendar 3, for the purpose of allowing the plaintiff to take judgment by default, as the return had been filed and the case was then pending in the Supreme Court. *Bank* v. *Stelling,* 32 S. C. 102, 10 S. E. 766; *Kaminsky* v. *Trantham,* 45 S. C. 8, 22 S. E. 746.

It is the judgment of this Court, that the order of the Circuit Court be reversed, and that the defendant have twenty days to serve an answer to the complaint, after the remittitur herein shall have been sent down.        :

MR. JUSTICE GAGE *did not sit in this case.*