10529

CAMPBELL v. THE FIRST NATIONAL BANK *ET AL.*

(105 S. E. 413.)

BAILMENT—STATUTE MAKING PAROL AND UNRECORDED RESERVATIONS IN "PERSONAL PROPERTY" BY VENDORS AND BAILORS VOID IS INAPPLICABLE TO CHOSES IN ACTION.—Civ. Code 1912, sec. 3740, making parol and unrecorded reservations in personal property by vendors and bailors void as to subsequent creditors or purchasers for value, *held* not applicable to choses in action such as notes, bonds, mortgages, and other securities usually transferred by delivery or assignment; the statute contemplating only tangible property.

Before MEMMINGER, J., Charleston, July 24, 1920. Reversed.

Action by John R. Campbell against the First National Bank of Charleston, Janie L. Raisin and Mary Lazarus. From judgment for defendants, Janie L. Raisin and Mary Lazarus, the plaintiff appeals.

*Messrs. Whaley, Barnwell & Grimball,* for appellant, cite: *Bailment of a chose in action is not required to be recorded under the terms of section 3740, 1 Civil Code 1912. Recording acts relating to "personal property" do not apply to "choses in action."* 97 S. C. 291; 225 Fed. 262; 232 Fed. 119; L. R. A. 1917c, 629; 63 N. E. 1058; 55 N. W. 505; 45 N. Y. S. 166; 57 N. E. 1126; 34 Fed. 724. *Decision in 212 Fed. 97, was prior to decision in 97 S. C. 291. What is not "personal property" within the recording acts:* 1 Met. (Mass.) 436; 29 Ohio St. 264; 31 Grat. (Va.) 126; 20 W. Va. 497; 3 W. Va. 317; Jones Mtgs., par. 278; 57 N. E. 1126.

*Messrs. Nathans & Sinkler,* for respondents, Janie L. Raisin and Mary Lazarus, cite: *Transaction was a bailment:* 6 Corp. Juris 1084; 78 S. C. 297. *Choses in action are personal property:* 6 Corp. Juris 1102, section 20; 32 Cyc. 669. *Bond is chose in action:* 14 S. C. 582. *Agree-*

*ment should have been recorded:* Sec. 3740, 1 Civ. Code 1912.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Memminger, confirming a report of the master for Charleston county, and involves the question whether or not the bailment of a chose in action is within the terms of section 3740 of volume I of the Code of 1912.

Both the master and his Honor held that it did. The exceptions must be sustained. The statute does not apply to choses in actions, such as notes, bonds, mortgages, and such securities as usually are transferred by delivery or assignment.

The statute never contemplated that such securities should come within the terms of this section. It contemplated such tangible property as steam engines, pianos, organs, mules, stock of goods, and such property of like character, and never was intended to apply to negotiable securities, notes, bonds, mortgages, and such property as goes usually by assignment or actual delivery. The action applies to tangible personal property.

The agreement by which Campbell loaned his bonds to Mordecai, being a bailment of choses in action, was not required to be recorded under the terms of section 3740 of the Civil Code, and the judgment of the Circuit Court is reversed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.