## 11823

### YANCEY *ET AL.* v. STARK *ET AL.*

#### (129 S. E., 81)

1. ASSIGNMENTS—EQUITABLE ASSIGNMENT SUBJECT TO EQUITIES BETWEEN ORIGINAL PARTIES UP TO TIME OF NOTICE TO DEBTOR.—An equitable assignment is subject to all the equities existing between the original parties, not only at the time of the assignment, but up to the time of notice to the debtor.

2. HIGHWAYS—ROAD CONTRACTOR'S ASSIGNMENT OF FUNDS DUE FROM HIGHWAY COMMISSION HELD SUBJECT TO COMMISSION'S RIGHT UNDER CONTRACT TO APPLY FUNDS IN PAYMENT OF CLAIMS AGAINST CONTRACTOR.—Where road contract empowered Highway Commission to retain portion of amount due contractor for payment of claims against contractor, contractor's assignment to third party of portion of amount due was subject to Commission's right to apply funds in payment of such claims.

Before MAULDIN, J., Abbeville, 1925. Affirmed.

Action by Earle Yancey and Goodloe Yancey, partners trading and doing business under the firm name and style of Yancey Bros., against J. S. Starke and others, constitut-

ing the Highway Commission of Abbeville County, and another. From an order sustaining a demurrer of the Highway Commissioners, plaintiffs appeal.

*Mr. F. A. Wise* for appellant.

*Mr. J. M. Nickles* for respondent.

August 24, 1925.

The opinion of the Court was delivered by Mr. Justice Marion.

The appeal is from an order of the Circuit Court sustaining a demurrer to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Aside from formal allegations, the complaint alleges, in substance:

That the individuals named as defendants, constituting the Highway Commission of Abbeville, entered into contracts with one W. C. Hill for the construction of certain roads in Abbeville County. That the contracts contained the provision that "if, at any time or times, any claim or claims shall be made on the party of the second part (Highway Commission of Abbeville County) by such a contractor, laborer or other person for any money due for any work, labor or material, done upon or supplied upon the work herein contracted for, done for, furnished or supplied to the party of the first part (W. C. Hill) that the party of the second part may retain a sufficient amount to pay the same, when said claim shall thereafter be established in Court, and such amount is hereby assigned to the said party of the second part to pay such claim or claims, such payment to be made when so established." That "in and by the said contracts, set forth in Paragraphs 4 and 6 of this complaint, the defendants, as the Highway Commission of Abbeville, were to retain 10 per cent. of each month's estimate, and such amounts so retained were not to be paid to the said contractor (W. C. Hill) until final estimate made." That thereafter W. C. Hill directed the de-

fendants, as the Highway Commission of Abbeville County, to pay to the plaintiff "from the 10 per cent. retained when final estimate made the sum of $1,587.90," by written order of which the following is a copy:

"To the Highway Commission of Abbeville County:

"Whereas, I am indebted to Yancey Bros. of Atlanta, Ga., in the sum of $1,587.90 for certain machinery, tents, and road tools, etc., used in building the Abbeville-Hodges and Frank's Place to Calhoun Falls roads; and whereas, I am unable to pay the said account at this time to Yancey Bros., and I hereby direct the Highway Commission of Abbeville County to retain 10 per cent. on the Abbeville-Hodges and Frank's Place to Calhoun Falls roads from this date on my estimate, and this amount to be applied to the aforesaid account of Yancey Bros., when final estimate is made, and this shall be your authority for retaining and paying the aforesaid amount to Yancey Bros. of Atlanta, Ga. This 13th day of October, 1922. W. C. Hill. [L. S.]"

That the order was executed and delivered with the knowledge and consent of the defendant Planters' Bank. That thereafter the Highway Commission paid to the defendant bank $3,471.21, "representing the 10 per cent. retained, until final estimate" on the construction work covered by Hill's contracts. That "by reason of the facts herein stated the plaintiff is entitled to recover of the defendants, as the Highway Commission of Abbeville County, and the defendant Planters' Bank of Abbeville the sum of $1,587.90, with interest from the 13th day of October, 1922, at the rate of 7 per cent. per annum, as provided for by said order, and plaintiff alleges that by the terms of said contracts between the defendants, as the Highway Commission of Abbeville County and W. C. Hill, as well as by the terms of the order given by the said W. C. Hill to the plaintiff, the said sum of money has been assigned to them in law and equity, and that it is justly entitled to collect same." And that demand had been made upon defendants

for the payment to plaintiffs of $1,587.90, and the demand refused.

The demurrer interposed by the defendants, Stark and others, constituting the Highway Commission of Abbeville County, was sustained by a formal order of his Honor, Judge Mauldin. The appellants thus stated the question raised by the appeal:

"Does the complaint state any cause of action against the demurring defendants? The answer to this question depends upon the construction of the written order copied in, and made part of, the complaint, and upon which plaintiff's suit is predicated. This order being a partial assignment of a certain fund, and the defendants having never formally assented to the assignment, it is conceded that said order did not operate as a legal assignment as between the plaintiff and defendants; and that plaintiff could not enforce said assignment against the defendants on the law side of the Court. But the order aforesaid, though a partial assignment, being unequivocal and being based upon a sufficient consideration passing between the assignor, Hill, and the plaintiffs, is good as an equitable assignment, and one which equity will enforce against the defendants in favor of plaintiffs, regardless as to whether defendants assented to said assignment or not."

But, conceding, for present purposes, that the order 1, 2 relied on was sufficient to create an equitable assignment as between Hill and the plaintiffs, the plaintiffs' right to enforce such assignment as against the Highway Commission depended upon whether Hill, at the time of the assignment and of notice thereof to the Commission, had a present right in a potentially existing fund of the character described in the order which was available for transfer and subject to assignment to the plaintiffs. It is elementary that such an assignment "is subject to all the equities existing between the original parties, not only at the time of the assignment, but up to the time of notice to the debtor."

*Harvin v. Galluchat,* 28 S. C., 211, 217; 5 S. E., 359, 361
(13 Am. St. Rep., 671). Under the terms of the contracts
between Hill and the Highway Commission, set out in the
complaint, it appears that Hill had authorized and empow-
ered the Commission to retain a sufficient amount on his
construction contract to pay claims "for any work, labor or
material done for, furnished or supplied" to Miller upon
the work contracted for by him. Miller's alleged assign-
ment to the plaintiff was made subject to the contract rights
of the Commission to apply the funds accruing on his con-
tract in payment of claims of the character described. The
alleged payment by the Commission, after notice of plain-
tiffs' claim, of the sum of $3,471.21 to the Planters' Bank
would seem to have been entirely consistent with the rights
of the Commission under the contracts with Hill, and
certainly the mere fact that such sum even though "represent-
ing the 10 per cent. retained, until final estimate" on Hill's
contracts, was paid over to the Bank raises no legitimate
inference that it was so paid by the Commission in deroga-
tion of any contract right of Hill vested in the plaintiffs as
assignees. In the absence of allegation of fact to the effect
that the Highway Commission breached the contract with
Hill to the extent that his rights thereunder had been as-
signed to the plaintiffs, and that the payment to the Plan-
ters' Bank was in violation of the assigned rights of the
plaintiffs of which the Commission had due notice, we
think the Circuit Court's conclusion that the complaint
failed to state facts sufficient to constitute a cause of action
was correct. See *Bank v. Godsden,* 56 S. C., 313, 316; 33
S. E., 575.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
and COTHRAN, and MR. ACTING ASSOCIATE JUSTICE R. O.
PURDY concur.