SOUTHERN GENERAL FACTORS, INC.,
Plaintiff,

v.

PARKER CONCRETE PILE COMPANY,
John Parker, Nina K. Parker and R. L.
Morrison, H. W. Morrison and R. L.
Morrison, Jr., individually and doing
business as R. L. Morrison and Sons, De-
fendants.

Civ. A. No. 8166.

United States District Court
E. D. South Carolina,
Charleston Division.

Dec. 7, 1964.

Davis, Davis & Bernstein, Charleston, S. C., for plaintiff.

H. C. Bowman, Charleston, S. C., for defendants.

HEMPHILL, Chief Judge.

Plaintiff-assignee, Southern General Factors, Inc., seeks recovery of defendants H. W. Morrison and R. L. Morrison, d/b/a R. L. Morrison and Sons, on an account which was originally owned by defendant-assignor Parker Concrete Pile Company by virtue of Parker's admitted furnishing of concrete piles to Morrison.

Defendant R. L. Morrison and Sons, a partnership, denies sum in question is due and owing, alleging the account was satisfied with defendant Parker, the assignor, prior to their notice of the assignment. Parker, in default, furnishes neither allegation nor proof.

■ The only material dispute about the facts involves the question of receipt of notice of the assignment by the partnership, the debtor. It is well settled that a debtor has the right to deal with his creditor until notified of the assignment of the debt. Patten v. Mutual Ben. Life Ins. Co., 192 S.C. 189, 6 S.E.2d 26, 29, 126 A.L.R. 91.

It is without dispute that in September 1962, defendant Parker Concrete and Pile Company, executed a factoring agreement with plaintiff Southern General

Factors, Inc. of High Point, North Carolina and at approximately the same time assigned to plaintiff the account of defendants, R. L. Morrison and Sons, in the amount of $10,186.70. This account arose from the delivery of Parker to Morrison of concrete piles in August 1962.

Plaintiff corporation's assistant secretary, J. T. Patterson, testified that in "early September 1962" he received defendant Parker's invoice with a letter which showed defendant R. L. Morrison & Sons owed Parker the $10,186.70 in question. Along with the invoice was a request that the plaintiff send its check "in accordance with the Factors Agreement." [1] Patterson further testified that the assignment was recorded with the Register of Mesne Conveyance in Charleston County, S. C. (the county where defendant Morrison does business and resides) on September 17, 1962. The evidence establishes this recordation.

Patterson further testified that he mailed the original invoice, sent to Southern General Factors by Parker, to defendant Morrison in "early September 1962", with a stamp placed thereon which indicated, in substance, that Morrison was to pay the amount due thereunder to plaintiff because the account had been assigned. He admitted, on cross-examination, that this "notice" was not signed or the like, just stamped.[2]

Patterson said further that on *October* 17, 1962 he mailed a statement of account to defendant Morrison and that he received same back in the mail in *February* 1963 with the notation written thereon which reflected that of the $10,186.70 owed there was a balance of only $3,-186.70 due because on January 17, 1963 (apparently) Morrison had paid $5,-000.00 on this account by check No. 277 and on February 5 he had paid $2,000.00 by check No. 310. [Defendant Morrison does not contend that the two later amounts mentioned above were paid to Southern General Factors, but admits paying these amounts to defendant Parker.] [3]

Patterson testified that on November 26, 1962 he sent a telegram to Morrison requesting payment of the amount in question no later than November 30th. Introduced in evidence was a copy of the telegram sent to plaintiff by Western Union.

On December 4, 1962 plaintiff received a letter from R. L. Morrison and Sons,

1. The material portion of the letter reads as follows:

"September 13, 1962
Southern General Factors, Inc.
P. O. Box 1188
High Point, North Carolina
Attention: Mr. Patterson
Dear Mr. Patterson:
I am enclosing an executing Factors Agreement. As mentioned in our telephone conversation, enclosed also is an invoice to R. L. Morrison & Sons. It will be greatly appreciated, if you will stamp this invoice and enclose it in the self-addressed envelope. You keep the other copy and send us our check in accordance with the Factors Agreement. If you will send us the rubber stamp we will avoid this confusion in the future. Thank you. We remain
Cordially yours,
PARKER CONCRETE PILE
CO., INC.
/s/ John T. Parker
JTP/jz    John T. Parker
Encls./7    President"

2. The stamp reads as follows:
"NOTICE
This ACCOUNT is assigned to and
is owned by
SOUTHERN GENERAL FACTORS, INC.
BOX 1543    High Point, N. C.
Payment other than to said Factors does not constitute payment. Notify Factors if merchandise not received in 5 days after receipt of invoice."

3. Parker admitted receiving these funds in a deposition before the Court; admitted receiving a check from Southern General Factors as consideration for the assignment of Morrison's account; and he admitted appropriating these funds for his own use.

dated December 3rd, referring to the telegram, and promising to send a check as soon as the weather improved. The letter was signed: "R. L. Morrison & Sons—By H. W. Morrison."

Patterson testified that on January 28, 1963, he placed a telephone call to Morrison in McLellanville, S. C. and that the person who answered said that he was H. W. Morrison, that he had paid $5,000.00, and that he would pay the other $5,000.00 soon.

Defendant H. W. Morrison testified that he had no actual notice of the assignment of his account until after suit was instituted. He said he had a bookkeeper, Mr. A. C. Stroman, who was "in charge of the office and accounts" at all times material here. [Mr. Stroman died in the spring of 1963.] Morrison claimed he operated out of the office most of the time and that Mr. Stroman attended to matters there.

He identified the letter of December 3, 1962, mentioned above, as Mr. Stroman's writing. He said he felt he only had a balance of approximately $3,000.00, and that defendant Parker owed him some unliquidated amount which would come close to paying off the entire indebtedness.

Upon further examination, Morrison admitted that Mr. Stroman had authority to write letters and generally ran the office. He expressed the complete trust he had reposed in Mr. Stroman and told how much he had relied upon him.

■ As stated before, the only real question here is that of adequacy of notice, because notice of the assignment must be given to the real party in interest or his agent. Harvin v. Galluchut, 28 S.C. 211, 5 S.E. 359, 361.

■ Defendant apparently seeks to be protected with certain statutory umbrellas. The bailment statute (§ 57–308, S.C.Code, 1962) is not applicable because it pertains only to tangible property. Campbell v. First National Bank of Chas., 115 S.C. 256, 105 S.E. 413.

■ The S.C. Act involving the Assignment of Accounts Receivable is of no avail. See §§ 45–201 to 45–211, S.C. Code, 1962. The notice described therein is not a condition precedent to an effectual assignment of an account. Besides, the evidence shows that the original assignment was recorded in September; long before any payment was made to the assignor by Morrison. In any event, the Court finds that defendant Morrison had "actual knowledge of the assignment" within the meaning of § 45–202.

■ Acceptance by the defendant Morrison was not necessary to effectuate the assignment, and once he had notice he was bound to pay in accordance therewith. Dunbar v. Johnston, 170 S.C. 160, 169 S.E. 846, 847. See also, Dixie Wood Preserving Co. v. Gerstein, 244 S.C. 57, 135 S.E.2d 368.

■ The Court finds, as a matter of fact and law, that Morrison's bookkeeper, Stroman, was an agent who had authority to accept notice of the assignment. The testimony reveals that he "ran the office" and that he had authority to write letters. What more need be shown?

As the Fourth Circuit Court of Appeals, speaking through Judge Bryan, recently pointed out: "The South Carolina doctrine has been crisply put by its ultimate court in these words * * * : 'It has uniformly been held in this State that the knowledge of an agent acquired within the scope of his agency is imputable to his principal * * *.' " Home Fire & Marine Ins. Co. v. Tisdale, 303 F.2d 348, 351. At the very least, it was this knowledge that Morrison had before any payments were made or other type set-offs effected. Accordingly, it is concluded that plaintiff is entitled to the relief for which prayer is made.

[The Court should not be understood as intimating any conclusions thereon, but it does not seem that defendant Morrison is without remedies to make him whole, e. g., see Rest. Restitution, § 160 et seq., besides any other action which is deemed appropriate.]

It is therefore ordered that judgment for plaintiff be entered in accordance with the prayer of the complaint, interest to be computed from November 30, 1962.

And it is so ordered.