13651

DUNBAR v. JOHNSTON *ET AL.*

(169 S. E., 846)

*Messrs. Townes & Wells,* for appellant,

*Messrs. Joseph R. Bryson* and *W. E. Bowen,* for respondent.

June 14, 1933.

The opinion of the Court was delivered by Mr. Justice Stabler.

The facts of this case, briefly stated, are these: The defendant Anna Johnston became indebted to the plaintiff, on August 2, 1930, for certain burial equipment for her mother, in the sum of $150.22, for which she executed on that date her promissory note. She was then and is now in the employ, as a bookkeeper, of her co-defendant, Greenville Steel & Foundry Company, Inc. Having failed to pay the note at its maturity, she executed, on September 24, 1930,

upon plaintiff's extension of time for payment of the debt, the following wage assignment:

"In consideration of my indebtedness to the Dunbar Funeral Home totalling one hundred fifty and 22/100 dollars, and in order to secure and pay the same, I do hereby transfer, assign and set over to the said Dunbar Funeral Home, its successors and assigns, all wages and claim for wages, commissions, and monies for work done or to be done, due or to become due me from the Greenville Steel & Foundry Co. of Greenville, S. C.

"I do hereby authorize the Greenville Steel & Foundry Co. to pay to the Dunbar Funeral Home, or order, my indebtedness to it, payable Thirty ($30.00) Dollars on the 1st day of October, and Thirty ($30.00) Dollars each month, beginning on the 1st day of November, 1930, until the full sum of said indebtedness has been paid and to charge the same to my account."

On November 5, the assignee sent this paper to the defendant company, which acknowledged its receipt on November 25, stating that it had turned it over to its treasurer to handle. Thereafter, the plaintiff wrote the company several times with reference to the matter but received no answer to any of his letters. The company made no deduction from the wages of Miss Johnston and made no payment to the plaintiff, as authorized by the assignment. Being unable to collect anything on the debt, the plaintiff, on July 20, 1931, brought this action against both the employer and the employee.

The company, by its answer, admitted having received an assignment of some sort, apparently executed by the defendant Johnston to the plaintiff, but denied any agreement on its part to deduct $30.00 per month or any sum from her salary, to be paid to the plaintiff on her indebtedness to him, and specifically alleged that it was in no way responsible for such debt; and pleaded the statute of frauds as a defense to the action.

The case was tried at the November, 1932, term of Court of Common Pleas for Greenville County. At the close of the testimony, the plaintiff made a motion for a directed verdict against both defendants. Judge Johnson granted the motion on the ground that the wages accruing to the employee Johnston, after notice and delivery to the employer of the wage assignment, became the property of the plaintiff Dunbar, to the extent of $150.22, and upon the further ground that the evidence in the case established an acceptance of the assignment by the employer.

The defendant company has appealed to this Court by several exceptions which, as stated by its counsel, raise the following questions: (1) Must an employer accept a written assignment of wages of its employee before becoming liable to the assignee for wages paid direct to the employee after notice of such assignment? (2) If so, does the evidence in this case establish, as a matter of law, such acceptance by the defendant company?

The matter of assignment of salary or wages was considered in *Bryant v. Askin & Marine Co.,* 146 S. C., 520, 144 S. E., 231, 232. In that case a young woman employed by the Pacific Mills purchased from the defendant a coat for which she agreed to pay $16.98 in weekly installments of $1.00 each. As security for the debt she executed an assignment of wages due and which might become due her as an employee of the mills. Upon her default in payment of four installments, the defendant filed the assignment with her employer. It did not appear whether the mills formally accepted it or not, although the Court observed in the opinion that from the conduct of the employer the assumption arose that it agreed to respect it. The mills, apparently acting upon the assignment, kept out of plaintiff's wages more than enough to pay the balance of $9.48, admitted to be due, but paid nothing to the defendant. The action was brought by the assignor against the assignee upon the theory that the latter had collected more of plaintiff's wages than it was

entitled to collect. The Court said: "The right to assign wages to be earned in the future, under a present contract of employment, has been generally recognized. 5 C. J., 869; 5 Ann. Cas., 65, note; *Mallin v. Wenham,* 209 Ill., 252, 70 N. E., 564, 65 L. R. A., 602, 101 Am. St. Rep., 233. After notice of the assignment, the defendant was entitled to receive the accruing wages of the plaintiff, to be applied, *when received* from the mills, upon the obligation which the assignment was given to secure. It is possible that under the case of *Parker v. Jacobs,* 14 S. C., 112, 37 Am. Rep., 724, the assignment would be deemed an equitable and not a legal one; but the distinction would be immaterial in the present case. The result, whether it be considered as a collection or a withholding by the Pacific Mills, is that the mills became a debtor of the defendant to the extent of the wages withheld."

While this decision is not conclusive of the first question raised in the present appeal, there is a clear indication of the view that acceptance by the employer is not necessary in order to give complete effect to the assignment; and this view is supported by the weight of authority in other jurisdictions, though in some states the decisions are affected by statutory regulations.

In the case at bar, there is no evidence that the employer had any claim upon the assigned wages of its employee, or that there was any other assignment of or lien upon such wages that might defeat plaintiff's claim. There is no question of fraud in the transaction; the defendant Johnston admits the indebtedness, and that the assignment was made to the plaintiff in order to secure its payment. The employer offered no defense to the action except that it did not deem itself bound to respect the assignment and to pay the assignee, as directed, any portion of the wages of the employee as they accrued. Under our view of the law, the employer was bound to pay over to the assignee, out of the employee's wages, the stipulated amounts as directed by the assign-

ment. The trial Judge, therefore, properly directed a verdict on the first ground.

We do not deem it necessary to go into a discussion of the benefits that may or may not inure to an employee in the exercise of the right to assign his salary or wages. It is sufficient to say, as has been repeatedly held, that wages or salary is a property right which may be assigned; and when such assignment is made and the employer has notice of it, if no legal reason appears why it should not be given force and effect, he will be bound by it, whether he accepts it or not.

This conclusion renders a discussion of the second question unnecessary.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.