### 15700

PIEDMONT FIRE INSURANCE CO., INC., v. BURLINGTON TRUCKERS, INC., ET AL.

(32 S. E. (2d), 755)

490

*Messrs. Wolfe & Fort,* of Gaffney, S. C., Counsel for Appellants,

*Mr. J. H. Hall* and *Mr. C. E. Saint-Amand,* both of Gaffney, S. C., Counsel for Respondents,

January 8, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

This appeal comes to this Court from the Court of Common Pleas of Cherokee County and is from an order passed by Honorable T. S. Sease overruling a demurrer to the complaint in the action.

The demurrer was on two grounds, first, that there was a misjoinder of causes of action and a lack of common liability on the part of the defendants Burlington Truckers, Inc., and Continental Casualty Company, Inc., in that there

is an alleged cause of action in tort against the defendant Burlington Truckers, Inc., and what purported to be a cause of action against the Continental Casualty Company, under Section 8511 of the 1942 Code and Section 487 of that Code, making it permissible to join the insurance carrier in such cases only where the suit is based on personal injury and that therefore an action based on alleged property damage was excluded, and secondly, because it appeared from the face of the complaint that the source of damage to the plaintiff was not such as was within the contemplation of the insurance contract of the defendant Continental Casualty Company.

Judge Sease's order overruling this demurrer as to the first ground held in substance that to sustain the demurrer would entail a multiplicity of actions and that under *Piper v. American Fidelity & Casualty Co. et. al.,* 157 S. C., 106, 154 S. E., 106, and *Benn v. Camel City Coach Co. et al.,* 162 S. C., 44, 160 S. E., 135, both causes of action relating to property damage and personal injury might be joined in the same complaint against both principal and surety.

The appeal claims error in this order in that the Act of 1935, Act No. 287, 39 St. at Large, page 406, applied only to actions involving personal injury and not to actions involving property damage; in that the said amendment was intended to modify the common-law practice as declared in the cases above referred to; in that the joining of actions for property damage is not permissible under the modified statute law where the actions involve only property damage, and in that the passage of the Act of May, 1935, by implication, repealed all contrary statutory provisions, and in that no significance was given to the Act of 1935 by holding that the established rule had not been affected by the passage of the said Act.

No exceptions were made with regard to the holding of Judge Sease to the effect that the second ground of the de-

murrer did not properly raise the matter of whether the alleged liability was comprehended by the policy of insurance in that the said policy was not before the Court on demurrer.

It is in the view of this Court that Act No. 287, approved May 17, 1935, is remedial legislation and as such is entitled to the liberal construction at the hands of this Court. We accordingly overrule all exceptions and affirm the order of Judge Sease overruling the demurrer. We do not believe that the passage of the Act referred to modified the previously declared practice of permitting the joinder of such causes of action as those involved here as against both principal and surety. Let the order of Judge Sease be reported herewith.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Oxner and Stukes concur.