HOBSON, Judge.
Appellants, Loveland, and Travelers Indemnity Company, hereinafter called Travelers, appeal a final judgment entered against both of them in favor of the ap-pellee, Lazzara.
Lazzara filed suit against Loveland and Travelers alleging that Loveland contracted with Lazzara to move a building from a location inside of the City of Tampa to a location outside of the city, in Hillsborough County; that Loveland failed to complete the contract and damaged the building; that in order to complete the re-location of the building and to repair the damage due to faulty or defective workmanship it would require the expenditure of $7,000; that Loveland failed and refused to complete the contract or to repair the damage or pay for the same.
Lazzara further alleged that Travelers was liable to him under a bond posted with the City of Tampa for a Class A general contractor’s license wherein Loveland was principal and Travelers was surety; that said bond was conditioned, among other things, upon Loveland’s remedying all defects in said work due to faulty workmanship or material furnished or used by Love-land and that Loveland should reconstruct any such defective work and should replace or make good any defective materials in the performance of his work under the contract.
Attached to the complaint and made a part thereof was a copy of the aforementioned bond.
The appellant has raised four points on appeal; however, it is necessary for the disposition of this appeal only to consider the first point which is whether or not the trial court erred in failing to grant the defendants’ motion to dismiss the complaint. Chapter 59-1362, Laws of Florida 1959, authorizes the Board of County Commissioners of Hillsborough County, Florida to adopt building codes and Section 5 of said law provides as follows:
“Any person, firm or corporation who desires to engage in work as a contractor in Hillsborough County outside the corporate limits of municipalities to perform the work embraced in any code or codes adopted by said Board, shall, before engaging in such work, give bond in the sum of $5,000.00, payable to the Governor of the State and his successors in office, with a corporate surety authorized to do business in the State of Florida, to be approved by said Board and to be filed with the Circuit Clerk of said County, which bond shall be conditioned upon such person, firm or corporation complying with the minimum requirements of the Hillsborough County Code applicable to the class of work to be performed by such Principal. The form of said bond shall be substantially as follows : * * * ” (Emphasis added)
Travelers’ bond was substantially in the form which is set out under Section 5 of the law and reads in part as follows:
“The condition of this bond is such that if the above bound principal, the said Ed Loveland, shall protect all persons suffering any loss or damage occasioned by said principal failing to comply with any of the provisions of any municipal or county code applicable to the work performed by said principal, or officer, employee or agent of said principal, or under the direction and supervision of said principal and shall, without additional cost to the person for whom any such work is performed, remedy all defects in said work due to faulty workmanship or material furnished or used by said principal, and shall reconstruct any such defective work and shall replace or make good any such de *76 fective material to the satisfaction of the inspector having jurisdiction of the class or work embraced in the code .applicable thereto, at any time within one (1) year after the performance of any such work by said principal, his agents or employees, and within forty eight (48) hours after notice from such inspector to reconstruct, replace or repair the same, then this obligation shall become null and void; otherwise to remain in full force and effect.
“The failure or default on the part of the principal in remedying any defects in such work due to faulty workmanship or incorrect construction or installation or due to faulty materials furnished or used by said principal, shall give the person for whom such work is performed a right of action against the principal and surety under this obligation; * * * ” (Emphasis added)
At this point we dispose of appellant Loveland’s appeal. Appellee stated a good cause of action for damages against Loveland and we have carefully reviewed the record-on-appeal and Loveland’s assignments of error, as well as studied his brief and find that the judgment against Loveland is supported by competent and substantial evidence and therefore is affirmed.
We now come to Travelers’ liability to Lazzara under the bond aforementioned and attached to the complaint.
The bond was entered into in compliance with Chapter 59-1362, Laws of Florida 1959, and was conditioned upon Loveland “failing to comply with any of the provisions of any municipal or county code ap-pliable to the work performed by” Love-land.
A careful reading of the complaint shows a total failure to allege that Lazzara suffered any loss or damage occasioned by Loveland’s failing to comply with any of the provisions of any municipal or county code applicable to the work he performed. The failure of Loveland to comply with any of the provisions of the Hillsborough County building code is a necessary allegation to state a cause of action against Travelers under the bond.
There is no question but what the bond was given as a requirement under Chapter 59-1362, Laws of Florida 1959. When a bond is required by law such bond must be construed in the light of such law and the purpose of said bond is to accomplish the objectives of the law.[1]
In the instant case the objective of the law is to insure that a contractor such as Loveland complies with the requirements of the Hillsborough County building code.
In view of the fact that the bond protected Lazzara only from any loss or damage occasioned by Loveland’s failure to comply with the provisions of the Hills-borough County building code, a failure to allege a non-compliance with the Hills-borough County building code on the part of Loveland is fatal to the complaint and the lower court erred in not granting Travelers’ motion to dismiss the same.
The judgment against Loveland is affirmed and the judgment against Travelers is reversed and the cause remanded with directions to dismiss the complaint against Travelers without prejudice and with leave to amend.
LILES, C. J., and MANN, J., concur.

. 4 Fla.Jur., Bonds, § 10, p. 540.