## 19606

Randolph Eugene REVIS, Respondent, v. Marilyn Donaldson MAR-
TIN and Randolph Eugene Revis, Jr., a minor three (3) years
of age, Appellants.

(195 S. E. (2d) 715)

*Messrs. Lehman A. Moseley, Jr.,* and *C. Kennon Robert-
son,* of Greenville, *for Appellants,*

348

*Messrs. Abrams, Bowen and Townes,* of Greenville, *for Respondent,*

April 4, 1973.

Moss, Chief Justice:

Randolph Eugene Revis, the respondent herein, instituted this proceeding against Marilyn Donaldson Martin and Randolph Eugene Revis, Jr., the appellants herein, in the Family Court of Greenville County, to obtain visitation rights with his illegitimate son. The appellants demurred to the petition on the ground that no cause of action was stated therein for the reason that the father of an illegitimate child has no

right in and to the child. The demurrer was heard by the Honorable James A. K. Roper, Judge of the Family Court, and overruled. This appeal followed.

The respondent alleges in his petition that he is the father of the illegitimate child, Randolph Eugene Revis, Jr., who was born to Marilyn Donaldson Martin on February 10, 1969. The petition further alleges that he has been maintaining and supporting said child since birth and has had visitation rights with him until approximately one month prior to the institution of this proceeding, at which time the mother refused to allow him to see his son.

The exception of the appellant raises the question of whether the father of an illegitimate child, who is in the custody of the mother, is entitled to visitation rights with said child.

We are asked by the appellants to decide, only on the basis of the pleadings, a question of clearly novel impression in this jurisdiction. The rule announced in the case of *Springfield v. Williams Plumb. Supply Co.*, 249 S. C. 130, 153 S. E. (2d) 184, is applicable here:

"To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all of the circumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer."

In the instant case justice, not only to the litigants but to the general public, requires that the case be tried on the merits and the case be fully developed before we are called upon to decide the novel question presented.

We hold that the lower Court properly overruled the demurrer and this case is remanded thereto for trial on the merits.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.