19731

Richard S. VADEN and Geraldine J. Vaden, Appellants, v. COLLEGE HEIGHTS SUBDIVISION, Respondent. Sarah G. FOX, Appellant, v. COLLEGE HEIGHTS SUBDIVISION, Respondent.

(201 S. E. (2d) 113)

*Messrs. Pritchard, Myers, Morrison & Bloom,* of Charleston, *for Appellants,* cite:

*Messrs. Bernstein, Halio & Manos,* of Charleston, *for Respondent,* cite:

December 3, 1973.

Moss, Chief Justice:

In these three actions it appears from the complaints that College Heights Subdivision acquired title to a tract of land in the northwest portion of Charleston County, prepared plans for the development of the subdivision of the said tract and pursuant thereto had it surveyed and platted. It is also alleged that during the 1971 summer months, rain and surface waters had not properly drained within the subdi-

vision and had on occasions backed up and risen in said subdivision, thereby damaging their homes and the personal property therein. It was further alleged that the backing up of the rain and surface water within the subdivision and the flooding of the lots and residences was directly and proximately caused by the negligent and wilfulness of the respondent in failing and omitting to provide adequately for the drainage of the rain and surface water within and from said subdivision.

Richard S. Vaden and Geraldine J. Vaden, Sarah G. Fox, and Edgar Charles Worley, the appellants herein, allege in their separate complaints that each of them had purchased from the respondent, the developer-subdivider, a lot and a house thereon and upon consummation of the said purchase each of the appellants moved into and occupied the respective houses as a residence.

The respondent demurred to each of the complaints upon the ground that they did not state facts sufficient to constitute causes of actions, Section 10-642(6) of the Code. The demurrers came on for a hearing before The Honorable Theodore D. Stoney, Judge of the Charleston County Court. At the hearing the appellants acknowledged that they had not purchased their lots from the respondent but from a person who was a builder-vendor, who had purchased the lots from the respondent.

The trial judge issued his order sustaining the demurrers to complaints. The appellants prosecute an appeal from this ruling.

The question to be decided is whether the respondent, the developer-subdivider, is liable to the appellants, who had purchased their homes and lots in the subdivision from a builder-vendor, a grantee of the subdivider, for the negligent failure to adequately provide for the drainage of surface water.

We are asked by the appellants only to decide on the basis of the pleadings a question of clearly novel impression in

this jurisidiction. The ———— announced in the case of *Springfield v. Williams Plumb. Supply Co.*, 249 S. C. 130, 153 S. E. (2d) 184; and *Revis v. Martin*, 260 S. C. 347, 195 S. E. (2d) 715, is applicable here:

"To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all of the circumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer."

In the instant case justice, not only to the litigants but to the general public, requires that the case be tried on the merits and the case be fully developed before we are called upon to decide the novel question presented.

The judgment of the lower court sustaining the demurrers of the respondent is reversed and these cases remanded thereto for trial on the merits.

Reversed and Remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., dissents.