## 20305

David MAJOR, guardian ad litem for Mabel Major, Respondent, v. NATIONAL INDEMNITY COMPANY, Appellant.

(229 S. E. (2d) 849)

*John D. Whisenhunt, Esq.,* of Florence, *for Appellant,*

*Daniel M. McEachin, Jr., Esq.,* of Florence, *for Respondent,*

November 10, 1976.

NESS, Justice:

This is an appeal from a denial of the demurrer interposed by the appellant, National Indemnity Company, on the basis of a defect or non-joinder of necessary parties. The only issue presented on this appeal is the propriety of this direct action solely against National Indemnity.

On March 2, 1973, a truck owned and operated by Evans and McDonald Trucking Company collided with a school

bus. As a result of this collision several suits were instituted against National Indemnity Company, the liability insurer of the trucking company.

It is stipulated that at the time of the accident National Indemnity had a policy of automobile liability insurance in full force and effect upon the truck operated by Evans and McDonald Trucking. The amended complaint alleges that such insurance was issued pursuant to the statutory laws of this State. It is axiomatic that for the purposes of a demurrer the allegations in the complaint are assumed to be true.

This Court has held that insurers may be joined in actions by third parties based on negligence where the liability insurance is compulsory. See Section 10-702, 1962 Code of Laws; *Bartell v. Willis Construction Company*, 259 S. C. 20, 190 S. E. (2d) 461 (1972); *Brown v. Quinn*, 220 S. C. 426, 68 S. E. (2d) 326 (1951). This issue of first impression involves not joinder but an independent action solely against the insurer.

Hence, the cases cited by the trial judge in his order overruling the demurrer are inapposite here.[1]

The respondent's argument advancing the viability of suing the insurer alone is founded on Sections 58-1481 and 58-1482, 1962 Code of Laws.[2] Essentially, these statutes

---

[1] *Piper v. American Fidelity & Casualty Co. et al.*, 157 S. C. 106, 154 S. E. 106 (1930); *Benn v. Camel City Coach Co. et al.*, 162 S. C. 44, 160 S. E. 135 (1931), and *Piedmont Fire Ins. Co., Inc. v. Burlington Truckers et al.*, 205 S. C. 489, 32 S. E. (2d) 755 (1945), all involved joinder of the insurer and not direct actions against the insurer alone.

[2] "The Commission shall, in the granting of a certificate, require the applicant to procure and file with the Commission liability and property damage insurance or a surety bond with some casualty or surety company authorized to do business in this State on all motor vehicles to be used in the service in such amount as the Commission may determine, insuring or indemnifying passengers or cargo and the public receiving personal injury by reason of any act of negligence and for damage to property of any person other than the assured. Such policy or bond shall contain such conditions, provisions and limitations as the Commission may prescribe and shall be kept in full force and effect and failure to do so shall be cause for the revocation of such certificate." Section 58-1481 of the 1962 Code of Laws.

require the procurement of liability insurance or surety bonds before the issuance of certificates or the commercial transportion of goods on the roads of this State. Ostensibly, neither statute expressly authorizes direct actions against any insurer. In fact, the sole and manifest purpose of the legislation is to insure financial responsibility of motor vehicle carriers. See *Ott v. American Fidelity and Casualty Co.,* 161 S. C. 314, 159 S. E. 635 (1931).

Section 10-702, 1962 Code of Laws, permits the joinder of a compulsory liability insurer in an action founded upon tort law and provides that the liability shall be joint and concurrent.[3] The respondent asserts that because joinder is permissive, the statute does not preclude independent action against the insured.

At common law, no right to maintain suit directly against the insurer existed absent privity of contract between the claimant and the insured. See Couch on Insurance (2d), Section 45:764. Because direct actions against the insurer contravenes common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced. *Crowder v. Caroll,* 251 S. C. 192, 161 S. E. (2d) 235 (1968).

Legislation in derogation of common law must be strictly construed under settled principles enunciated by this Court. See *Southern Railway Co. v. South Carolina State Highway Department,* 237 S. C. 75, 115 S. E. (2d) 685 (1960), and cases cited therein. We find

---

"The owner or owners of all motor vehicles transporting goods of any kind for hire on the roads of this State are hereby required as a condition precedent for using the highways of this State to carry with some reputable insurance company liability insurance and property damage insurance in such sums as the Public Service Commission may determine. Any person or corporation violating the terms of this provision shall be fined . . ." Section 58-1482 of the 1962 Code of Laws.

[3] "When an indemnity bond or insurance is required by law to be given by a principal for the performance of a contract or as insurance against personal injury founded upon tort the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent." Section 10-702 of the 1962 Code of Laws.

no right, either statutory or under the common law, to maintain an action solely against the insurer.

The appellant also asserts that it should not be subject to suit either jointly or alone for the alleged negligence of the insured when such negligence has not been established. We have heretofore disposed of the propriety of independent action against the insurer alone. Joint liability of the appellant is not presently a justiciable controversy between the parties.

The judgment is accordingly reversed and the demurrer sustained.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.