20923

Pride C. BROWN, Jr., Raymond C. Enders, Larry W. Blair, Talley R. Keisler, Jr., Lida L. Keisler, George A. Stanley, Richard L. Gunter, Phyllis R. Gunter, George Grinton, Robert E. Fancher, Louise C. Fancher, Janie R. Wilson, Milton Albert St. John, L. C. Baker, Jr., Rita B. Baker, William B. Owens, Pearon G. Lang, Jr., Jean B. Lang, Charles Fred Haeflinger, Jane L. Haeflinger, Patricia M. Ross and Jimmy Ray Scruggs, Respondents, v. SANDWOOD DEVELOPMENT CORPORATION and Thomas Sharpe, Defendants, of which Sandwood Development Corporation is Appellant.

(253 S. E. (2d) 514)

*Arnold, Iseman & Cole,* Columbia, *for appellant.*

*Kirby D. Shealy, Jr.,* and *Charles Porter,* Columbia, *for respondents.*

March 29, 1979.

RHODES, Justice:

This action in negligence was initiated by respondents to recover property damages resulting from the drainage of a pond upon their property. The appellant, Sandwood, demurred on the ground that the complaint fails to state a cause of action and now appeals the overruling of that demurrer.

The complaint alleges that the plaintiffs-respondents are all owners of residential home sites surrounding and including a pond on Block E, which is a block in a subdivision developed by Sandwood. Sandwood acquired title to the tract of land in question in the early 1960's, had the property surveyed and platted, and divided it into individual lots for resale to the public. It appears that Sandwood commenced sale of lots on Block E in 1964 and continued until 1976.

In 1968, Sandwood hired Thomas Sharpe, also a defendant but not an appellant in this action, to construct a spillway on the dam of the pond upon which all of the plaintiffs' lots now front. On December 12, 1976, the spillway ruptured and, as a consequence, the pond was eventually drained. The drainage of this pond has occasioned the damages of which the plaintiffs now complain, specifically, the loss of use of the pond, depreciation in value of their water front lots, and

expenses necessitated to repair the dam. These losses, it is further alleged, were directly and proximately caused by the negligence of the appellant in failing to adequately supervise, design, and otherwise provide for proper construction of the spillway.

The record discloses that only six of the sixteen plaintiffs purchased directly from the appellant, the developer-subdivider. The remaining plaintiffs consummated their lot purchases from either builder-vendors or successive grantees of appellant.

On attack by demurrer for insufficiency of facts, a complaint must be liberally construed in favor of the pleader and sustained if the facts alleged, and inferences reasonably deducible therefrom, entitle plaintiff to any relief on any theory of the case. *Lawson v. C & S Bank of S. C.,* 255 S. C. 517, 180 S. E. (2d) 206 (1971) ; *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582 (1965).

The question of whether the instant action may be maintained against the appellant on the theory of negligence is one of novel impression, although a closely analogous question was raised in *Vaden v. College Heights,* 261 S. C. 509, 201 S. E. (2d) 113 (1973), wherein the issue was summarily formulated as :

. . . whether the respondent, the developer-subdivider, is liable to the appellants, who had purchased their homes and lots in the subdivision from a builder-vendor, a grantee of the subdivider, for the negligent failure to adequately provide for the drainage of surface water.

However, in *Vaden,* which also involved an appeal from a demurrer, we declined to address the issue under the stated rationale that :

"To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all the cir-

cumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer." [Quoting *Springfield v. Williams Plumb. Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184 (1967).]

In the instant case justice, not only to the litigants but to the general public, requires that the case be tried on the merits and the case be fully developed before we are called upon to decide the novel question presented.

*Id.* at 261 S. C. 512, 201 S. E. (2d) at 114.

For the reasons stated in *Vaden,* we affirm and remand for trial on the merits.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.