0263

Nathan SWINTON, Florence Swinton, Madgaline Swinton and Frank Swinton, Appellants, v. CHUBB & SON, INC., Respondent.

(320 S. E. (2d) 495)

Court of Appeals

*A. Bruce Strauch* and *William L. Runyon, Jr.*, Charleston, for appellants.

*Brockinton, Brockinton & Smith*, Charleston, *for respondent.*

Heard Aug. 3, 1984.

Decided Sept. 13, 1984.

SHAW, Judge:

This issue in this appeal is whether Section 38-37-1110 of the 1976 South Carolina Code of Laws creates a private cause of action for an insurer's bad faith actions against third party claimants under automobile liability insurance policies. The trial judge sustained a demurrer on the ground the complaint failed to state a cause of action. We affirm.

Because Judge Waller's order eruditely sets forth and disposes of this issue, his order, as modified and supplemented, is adopted and published as the view of this court. The modifications and supplements are reflected by either ellipses or bracketed material.

## ORDER OF JUDGE WALLER

This is an alleged bad faith action brought by third parties against the liability insurer of the owner of one of two vehicles involved in a motor vehicle accident.

The action is founded on Section 38-37-111J, Code of Laws of South Carolina, 1976. The matter came ... for a hearing ... on the ... [respondent-insurer's] demurrer to the ... [appellants-Swintons'] complaint on ... [the grounds] the complaint failed to state a cause of action against the ... insurer in various particulars.

The complaint alleges that the Atlantic Tire and Battery Company's truck was negligently operated across the center line of a highway, causing a collision with the oncoming vehicle ... [which then veered] off the road and ... [struck] a tree, thereby injuring all of the ... [Swintons], to their damage in the sum of $40,000.

The complaint further alleged ... Chubb & Son, Inc., was the insurer of Atlantic Tire and Battery Company and that the ... insurer failed to adjust the claim in good faith in violation of Section 38-37-1110 of the South Carolina Code ... and that such failure had damaged the ... [Swintons] in the sum of $40,000, wherefore ... [they] prayed for judgment in the sum of $40,000 and attorney's fees against the insurer.

In essence, the insurer's demurrer to these third parties' complaint is that the code section on which the action is predicated creates or affords no basis for civil liability of the ... [insurer] to the ... [Swintons] in this action.

Section 38-37-1110 of the Code, as embodied in Article 13 (pertaining to "Claim Practices" and consisting of three sections) of the South Carolina Automobile Reparation Reform Act of 1974, provides, in part, as follows:

> Any of the following acts by an insurer of automobile insurance, if committed without just cause and performed with such frequency as to indicate a general business practice, constitute improper claim practices:

There follow eight enumerated "practices".

The next section of Article 13, Section 38-37-1120, provides that "(I)f, after due notice and hearing the (Insurance) Commissioner determines that the insurer has engaged in any of the improper claims practices defined in Section 38-37-1110 he shall order such insurer to cease and desist from such practice and may impose a civil penalty ..." including suspension of the insurer's certificate of authority to engage in business in the state.

In arguing that the allegations of their complaint against the insurer come within the confines of Section 38-37-1110 and fit the definitions of bad faith contained in that section, the ... [Swintons'] attorneys concede that under the eighth paragraph thereof any practice or act which a third party claimant would consider to be an unreasonable delay in paying or an

unreasonable failure to pay or settle a third party claim in full would, under their theory, suffice to afford a third party claimant a so called "bad faith" action directly against the insurer prior to judgment against the insured.

In *Major v. National Indemnity Co.*, 267 S. C. 517, 229 S. E. (2d) 849 (1976), a third party claimant injured in a motor vehicle collision sought to sue the trucking company's liability insurer directly on grounds that such insurance was issued pursuant to the public carrier statute. In holding that there exists no right, either statutory or under common law, to maintain an independent action for damages solely against the insurer, the South Carolina Supreme Court stated that at common law no right to sue the insurer directly exists in the absence of privity of contract between the claimant and the injured. The Supreme Court ruled that "because direct actions against the insurer contravenes common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced." [229 S. E. (2d) at p. 850.] In the instant matter the ... [Swintons] seek to recover the same damages they would be entitled to from the insured.

Neither Article 13 nor Section 38-37-1110 thereof expressly or by clear and unequivocal implication authorizes a direction or bad faith suit by a third party claimant against an alleged tort-feasor's insurer in this action. Such is not the clear intent of the legislation, but merely an inference deductible by argument from some wording in the statute. As the Supreme Court stated in *Major, supra,* "Legislation in derogation of common law must be strictly construed under settled principles enunciated by this court." [229 S. E. (2d) at p. 850.] To the same effect is *Davenport v. Summer,* 273 S. C. 771, 259 S. E. (2d) 815 (1979).

Article 13 of Chapter 37 of the Insurance Code is a provision pertaining to the regulation of automobile insurance. It clearly applies to ... [automobile insurers], ... [is intended to prevent improper claim practices], and is not intended to be a statute of entitlement creating a private cause of action to third party claimants. The obvious purpose and express intent of the legislature was to secure public welfare with respect to automobile claims by regulating such insurers in their general course of practice of handling claims and to enforce proper business practice[s] administratively under penalty of

heavy monetary fines or suspension of the insurer's license to do business in this state. Thus, the intent of the legislation was to protect and benefit the public generally and to assure proper performance by imposing liability of the insurer to the state rather than by making nonperformance privately and individually actionable. Indeed, there is nothing in Article 13 which evinces any intent . . . to confer or extend private rights, protection or benefits in individual instances. Accordingly, the . . . [Swintons] have no . . . cause of action . . . within the thrust or objective of . . . [Section 38-37-1110]. *Major v. National Indemnity, supra.*

For actionability of their claims against the . . . insurer, the . . . [Swintons] rely primarily on the . . . cases of *Robertsen v. State Farm Mutual Automobile Insurance Company,* 464 F. Supp. 876 (D. S. C. 1979) and *G-H Insurance Agency, Inc. v. Travelers Insurance Companies,* 270 S. C. 147, 241 S. E. (2d) 534 (1978). . . . [N]either of those cases is apposite to the issues in the instant matter.

*Robertsen* was a first party claim, where the insured sued his automobile insurer for actual and punitive damages for alleged failure to pay first party personal injury protection benefits under his statutory policy coverage. The District Court held that the South Carolina Supreme Court would recognize a cause of action for a bad faith refusal of the automobile insurer to pay its insured first party insurance benefits and therefore denied the defendant's motion to dismiss. There the District Court relied on the decision of the South Carolina Supreme Court in *G-H Insurance Agency, Inc. v. Travelers Insurance Companies, supra.* The *Robertsen* case is patently of no help to the . . . [Swintons].

In *G-H Agency, Inc.* the South Carolina Supreme Court had before it the question of whether a terminated insurance agent could maintain an action for unlawful or wrongful cancellation of his agency contract against the insurance company. In a three to two decision the Supreme Court held that while Code Section 38-37-940 of the South Carolina Automobile Reparation Reform Act made it unlawful for an insurance company to cancel an agency agreement for the purpose of avoiding the writing of automobile insurance on high or substandard risks, other sections of the statute mandated such coverage without regulatory Section 38-37-940. . . .

[T]herefore it was evident that the prohibition of Section 38-37-940 was intended by the legislature to protect insurance agents from wrongful cancellation as well as the general public from discrimination in obtaining automobile insurance from an insurer of their choice. Thus, the majority held that the regulatory statute conferred a private benefit and enabled the agent to recover in a private action for damages sustained from such wrongful termination. Even though the two dissenters disagreed and found no indication of any legislative intent to establish civil liability and hence no private right of action for violation of Section 38-37-940(2), it is clear that the holding in the *G-H Agency* case is distinguishable from and inapplicable to the instant case.... There is no statutory provision in the case at bar comparable to the agency termination provision in the *G-H Agency, Inc.* case.... [H]ence Section 38-37-1110 ... does not establish ... a private right of action for any violation thereof.

If by mere inference or implication from the statute the ... [Swintons'] theory was accepted, the courts would be potentially beseiged with so called "bad faith" suits in every instance in which or whenever third party claimants, rightly or wrongly, disagreed with adjusters over the handling or settlement of claims against their insureds. Clearly the legislature did not intend such a course.

Affirmed.

BELL and GOOLSBY, JJ., concur.