22592

William D. KENNEDY and Patricia W. Kennedy, Respondents v. Floyd E. HENDERSON, Jr., Metro Enterprises of Greenville, Inc., Builders, Inc. and Sentry Insurance Company, Defendants, of whom Sentry Insurance Company is Appellant. Appeal of SENTRY INSURANCE COMPANY.

(346 S. E. (2d) 526)

Supreme Court

*Richard M. Kennedy, III*, of *Kennedy & Price*, Columbia, *for appellant.*

*David B. Ward*, of *Horton, Drawdy, Ward & Johnson*, Greenville, *for respondent.*

Submitted March 26, 1986.

Decided July 21, 1986.

FINNEY, Justice:

This is an action for damages by the respondents (Kennedys) against the defendant builder and his insurance company, the appellant (Sentry), for alleged misconduct by the builder. We reverse.

The Kennedys engaged the builder to construct a dwelling-house type building to be used as a nursery. They ad-

vanced eleven thousand ($11,000.00) dollars to be placed in trust and used for labor and materials. The builder never commenced construction on the building nor returned the monies paid to him.

The builder is a licensed builder under the laws of South Carolina and the rules and regulations of the South Carolina Residential Home Builders Commission. As a condition to licensing, the appellant Sentry issued a surety bond in the amount of ten thousand ($10,000.00) dollars as per S. C. Code Ann. § 40-59-70(b) (1976).

The surety bond provides that:

> Whereas, above bonded principal is required in Section 7(b) of the Act to furnish the Commission with a bond as one method of complying with one of the conditions upon which license is granted: Now Therefore the condition of this bond is such that if the above bonded principal shall in all respects comply with the rules and regulations pertaining to construction standards and health and safety requirements promulgated by the South Carolina Residential Home Builders Commission, then this obligation shall be void. ...

The Kennedys seek recovery of damages from the builder and the appellant insurance company on two theories: (1) breach of trust; and (2) negligence by the appellant Sentry in refusing to pay the bond claim. Sentry demurred to the Kennedys' action. The trial court overruled the demurrer on the ground that a novel issue was presented and it should not be decided on demurrer. See e.g. *Springfield v. Williams Plumbing Supply Co.*, 249 S. C. 130, 153 S. E. (2d) 184 (1967); *Revis v. Martin*, 260 S. C. 347, 195 S. E. (2d) 715 (1973); and *Vaden v. College Heights Subdivision*, 261 S. C. 509, 201 S. E. (2d) 113 (1973).

Sentry contends the trial court erred in overruling the demurrer. We agree. On consideration of a demurrer, the complaint must be construed liberally in favor of the pleader and sustained if facts alleged, and inferences reasonably deducible therefrom, entitle the plaintiff to relief on any theory of the case. *Blandon v. Coleman*, 285 S. C. 472, 330 S. E. (2d) 298 (1985). *Springfield v. Williams Plumbing Supply Co.*, *supra*, is often relief upon as

a basis for denying a demurrer where novel issues are present or are involved. This Court, in *Springfield,* qualified its holding as follows:

> If a plaintiff has clearly not alleged facts sufficient to constitute a cause of action, a demurrant is, of course, entitled to have his demurrer sustained and be saved the expense and trouble of a trial. For this reason, the above quoted rule should not, we think, be followed except in cases where there is real cause for doubt, or it is clear that the ends of justice may well be promoted by a trial on the merits.

All novel issues are not inappropriate for resolution by demurrer. See e.g. *Brown v. South Carolina Insurance Co.,* 284 S. C. 47, 324 S. E. (2d) 641 (S. C. App. 1984); *Swinton v. Chubb & Son, Inc.,* 283 S. C. 11, 320 S. E. (2d) 495 (S. C. App. 1984).

The legal question presented in this case is whether the alleged wrongful acts of the builder fall within the purview of the protection extended by the surety bond. No issue is articulated concerning the adequacy of the surety bond to meet the statutory scheme or the rules and regulations promulgated by the South Carolina Residential Home Builders Commission. The Kennedys argue that the purpose of a surety bond is "to protect the public from the financially irresponsible builder," *Watson v. Harmon,* 280 S. C. 214, 312 S. E. (2d) 8 (S. C. App. 1984), and therefore, they are covered under this bond. We concur that the purpose of a surety bond is for the protection of the public, however, the bond protects the public only as to those violations falling within the coverage of the particular surety bond provisions.

The surety bond in question is very specific and clear. It is conditioned on the builder's compliance with certain rules and regulations pertaining to construction standards and health and safety requirements. It is not a performance bond guaranteeing the completion of the work contracted. No violations of any construction standards or health and safety regulations are alleged or inferred in the complaint. In fact, the complaint on its face shows that a violation of any of these standards would be virtually impossible be-

cause construction of the nursery was never begun.

It is our view the trial court erred in overruling the demurrer because the alleged misconduct, as asserted in the complaint, falls outside the scope of the surety bond coverage and, therefore, does not entitle the Kennedys to protection under the terms of the surety bond. See *Loveland v. Loveland,* 219 So. (2d) 74 (Fla. App. 1969).

Sentry also contends the trial judge erred in overruling the demurrer as to the second cause of action. We agree. Although this question is probably rendered moot by the answer to the first demurrer, in an effort to hopefully avoid further litigation, this Court will address the issue.

The Kennedys alleged in their second cause of action that Sentry negligently and willfully failed to investigate and pay their claim on the surety bond for the wrongful purpose of denying them the benefits of the bond. Under the laws of South Carolina, no cause of action exists against an insurer for negligence in failing to determine coverage or adjust a third party claim against the insured under an insurance policy. *Brown v. South Carolina Insurance Co.,* 284 S. C. 47, 324 S. E. (2d) 641 (S. C. App. 1984). See also *Swinton v. Chubb & Son, Inc.,* 283 S. C. 11, 320 S. E. (2d) 495 (S. C. App. 1984) (no cause of action exists for a bad faith failure to pay third party liability insurance claims). By clear analogy, no cause of action exists for a negligent failure to pay a third party claim against a surety bond. We reverse.

Reversed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.