1052

Thomas THIBAULT, d/b/a Ace Tree Experts, Appellant v. Richard A. CLELAND and Jimmy Cleland, Individually and d/b/a Rick's Welding & Garage, and Insurance Company of North America, Defendants, of whom Insurance Company of North America is Appellant. Appeal of INSURANCE COMPANY OF NORTH AMERICA.

(363 S. E. (2d) 114)

Court of Appeals

*Frank F. Pape, Jr.*, Hilton Head Island, *for appellant.*

*A. Parker Barnes, Jr.*, of *Barnes, Davis & Tupper*, Beaufort, *for respondent.*

Submitted Oct. 21, 1987.

Decided Nov. 23, 1987.

SHAW, Judge:

Appellant, Thomas Thibaut doing business as Ace Tree Experts (hereinafter Ace), brought this action against Richard A. Cleland and Jimmy Cleland, individually and doing business as Rick's Welding & Garage (hereinafter Rick's) and respondent Insurance Company of North America (hereinafter I.C.N.A.) alleging, among other things, breach of a promise to repair damages on the part of I.C.N.A. We affirm.

On May 7, 1986, Ace filed and served an amended complaint alleging the following: Ace engaged Rick's to undertake the repair of an engine used by Ace in its business. Through the negligence of Rick's the engine became inoperable. When the engine was first damaged by Rick's, Ace made demand upon I.C.N.A. to correct the problems and pay damages. I.C.N.A. acknowledged liability under a contract of insurance between I.C.N.A. and Rick's and agreed to have all damages corrected. Subsequently, I.C.N.A. paid Ace a portion of the damages and instructed Rick's to repair the damaged engine. In the second attempted repair, the engine was rendered unusable and inoperable, all in breach of the promise of I.C.N.A.

I.C.N.A. denied the allegations of the amended complaint and filed a motion to dismiss pursuant to South Carolina Rules of Civil Procedure 12(b)(6), 17(a), 12(b)(8), and 21, and in the alternative, for a separate trial under Rule 20(b) S.C.R.C.P. The trial judge granted the motion to dismiss. He noted that, at common law, no right to maintain a lawsuit directly against an insurer exists absent privity of contract

between the claimant and the insurer, and because direct actions against insurers contravene the common law, such a right must be expressly sanctioned by the legislature. *Major v. National Indemnity Co.*, 267 S. C. 517, 229 S. E. (2d) 849 (1976). The trial judge then found there was no such legislative authority, dismissing the action against I.C.N.A. without addressing the issue of privity of contract.

Ace contends the trial judge erred because its claim is ██ based on privity of contract and no express legislative authority is necessary. Ace relies on the proposition that a claimant may bring an action against an insurance company for breach of a settlement agreement. However, the existence of a settlement agreement has not been pled and neither has such an agreement been placed in the record. Ace's complaint merely alleges I.C.N.A. acknowledged liability and promised to have all damages corrected. There is no allegation that Ace gave any consideration for this promise, such as signing a release. A promise is incapable of becoming the subject of an action unless it is supported by consideration. *Furman University v. Waller*, 124 S. C. 68, 117 S. E. 356 (1923).

We therefore hold the motion to dismiss was properly granted to I.C.N.A.

Affirmed.

BELL and CURETON, JJ., concur.