581 S.E.2d 858

**Thomas TRANCIK, M.D., P.A., Appellant,**

**v.**

**USAA INSURANCE COMPANY & Rosemary Wiggs, Respondents.**

**No. 3644.**

Court of Appeals of South Carolina.

Heard Feb. 13, 2003.

Decided May 27, 2003.

550

Paul C. Ballou, of Columbia, for Appellant.

Robert W. Buffington, of Columbia, for Respondent.

HOWARD, J.:

Thomas Trancik, M.D., P.A. ("Trancik")[1] brought this action for breach of contract and violation of the Unfair Trade Practices Act ("UTPA"), alleging USAA Insurance Company ("USAA") failed to honor an assignment of settlement proceeds executed by his patient, Rosemary Wiggs, in connection with medical treatment she received following a motor-vehicle collision with USAA's insured. The trial court dismissed the suit, ruling Trancik failed to state a claim for relief because no contractual privity with USAA existed. We affirm.

## FACTS

Trancik performed surgery on Wiggs for injuries she received in an automobile accident. Prior to surgery, Wiggs executed an assignment, which states in relevant part:

> I Rose Mary Wiggs, hereby guarantee payment of all charges incurred ... and hereby assign any *medical insurance* ... or *settlement proceeds* due because of liability of a third party by any party, organization or *insurance company* ....
>
> . . .
>
> In the event the undersigned is entitled to physician or physicians benefits of any type whatsoever arising out of any policy of insurance insuring the patient or any party liable to patient, said benefits are hereby assigned to Physician for application on patient's bill, and it is agreed that the Physician may receipt for any such payment and such payment shall discharge the said insurance company of any and all obligations under the policy to the extent of such payment, the undersigned and/or patient being responsible for charges not covered by this assignment.

Subsequently, Wiggs sued the at-fault driver, who referred the matter to her insurance carrier, USAA. Trancik sent the

---

1. Although Thomas Trancik, M.D., P.A. is a separate legal entity, we refer to the Appellant as Trancik in his individual capacity for ease of writing.

assignment to USAA, and USAA acknowledged receipt of it. USAA then settled Wiggs' claim, sending payment directly to her. Wiggs did not pay Trancik.

Trancik brought this suit against USAA, claiming the payment of settlement proceeds directly to Wiggs breached the assignment contract and violated the UTPA. The trial court dismissed both causes of action. Trancik appeals the dismissal of his breach of contract claim, arguing the trial court improperly concluded he lacked contractual privity with USAA. We affirm.

## STANDARD OF REVIEW

■ A trial court must dismiss a claim pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, if the pleadings, when taken in the light most favorable to the plaintiff, fail to allege sufficient facts to constitute a cause of action. *See Woodell ex rel. Allen v. Marion Sch. Dist. One,* 307 S.C. 297, 298, 414 S.E.2d 794, 794 (Ct.App.1992). However, the motion cannot be granted if the facts, and their reasonable inferences, demonstrate the plaintiff could prevail on a theory of the case. *See Brown v. Leverette,* 291 S.C. 364, 366, 353 S.E.2d 697, 698 (1987).

## LAW/ANALYSIS

Trancik argues the trial court erred by granting USAA's motion to dismiss. He contends contractual privity existed between Trancik and USAA by virtue of the assignment contract. We disagree.

According to the complaint, two contracts existed: the insurance contract between USAA and the at-fault driver and an assignment contract between Wiggs and Trancik. Trancik's complaint alleges USAA breached the assignment contract because Wiggs assigned her right to the insurance proceeds to him, USAA had notice of the assignment, and USAA failed to pay the insurance proceeds directly to him.

Trancik argues USAA's receipt of the assignment contract was sufficient to create contractual privity with USAA, citing *Gray v. State Farm Auto. Ins. Co.,* 327 S.C. 646, 491 S.E.2d

272 (Ct.App.1997) to support this contention. We disagree with Trancik's reading of the case.

In *Gray*, two chiropractors obtained assignments from patients stating any money collected from the patients' insurance carriers was assigned to the chiropractors. The assignments did not include claims against third-party carriers. The chiropractors sent these assignments to third-party-insurance companies, which refused to honor them. As in this case, the patients failed to pay the chiropractors, and the chiropractors sued the third-party-insurance companies, claiming they breached the assignment contract between the chiropractors and their patients.

This Court ruled no contractual privity existed between the chiropractors and the third-party-insurance companies, noting the assignments did not purport to cover the patients' claims against third parties or their carriers. The language of the purported assignments applied only to the patients' insurance carriers, not third-party carriers. *Id.* at 650, 491 S.E.2d at 274.

Because the *Gray* court noted the plain language of the assignments did not include claims against third-party insurers, the Court did not consider whether such wording would create an obligation on the part of a third-party insurer. *Gray* held, as a matter of contract construction, the chiropractors failed to allege a cause of action because third-party carriers were not mentioned in the assignment. However, *Gray* does not provide that contractual privity is established merely by including third-party-insurance claims in the assignment. Thus, this case is inapposite.[2] Furthermore, we believe Trancik's position is untenable.

South Carolina contract law carries a presumption that an individual who is not a party to a contract lacks privity to enforce it. *See Touchberry v. City of Florence*, 295 S.C. 47, 48–49, 367 S.E.2d 149, 150 (1988). By the same token, an

---

**2.** Trancik also argues that the following cases support his position: *Dunbar v. Johnston*, 170 S.C. 160, 169 S.E. 846 (1933), *Thomasson v. Ocean Point Golf, Inc.*, 300 S.C. 29, 386 S.E.2d 282 (Ct.App.1989), and *Southern Gen. Factors, Inc. v. Parker Concrete Pile Co.*, 236 F.Supp. 103 (D.S.C.1964). However, these cases are equally inapposite because they apply to assignments of first-party benefits.

individual who is not a party to a contract generally cannot be liable for its breach. *See Holder v. Haskett,* 283 S.C. 247, 251, 321 S.E.2d 192, 194 (Ct.App.1984).

The only parties to the assignment contract are Trancik and Wiggs. USAA is not a party to it. Thus, unless USAA's insurance policy establishes contractual privity with Wiggs or Trancik, no basis exists upon which USAA can be held liable for breach of the assignment contract. *See Holder,* 283 S.C. at 251, 321 S.E.2d at 194 (holding an individual who is not a party to a contract cannot be liable for its breach).

Under the common law, "no privity [of contract exists] between an injured person and the tortfeasor's liability insurer, and the injured person has no right of action at law against the insurer." 44 Am.Jur.2d *Insurance* § 1445 (1982); *see Major v. Nat'l Indem. Co.,* 267 S.C. 517, 520, 229 S.E.2d 849, 850 (1976) (holding "[a]t common law, no right to maintain suit directly against the insurer existed absent privity of contract between the claimant and the insured"); *McPherson v. Michigan Mut. Ins. Co.,* 306 S.C. 456, 464, 412 S.E.2d 445, 449 (Ct.App.1991) (holding the insured clients of an insured party were not in contractual privity with insured's reinsurance company because they were not a party to the reinsurance contract), *aff'd as modified by,* 310 S.C. 316, 426 S.E.2d 770 (1993) (addressing whether the injured party could sue the tortfeasor's insurance company, pursuant to the policy, and not addressing whether the insured party could sue the reinsurance company).

■ Third-party-liability-insurance contracts are generally indemnity contracts whereby the insurer, or the first party, agrees to pay the insured, or the second party, the amount of any damages the insured may become legally liable to pay a third party. *See Town of Winnsboro v. Wiedeman–Singleton, Inc.,* 303 S.C. 52, 56, 398 S.E.2d 500, 502 (Ct.App.1990); *see also* S.C.Code Ann. § 38–77–140 (2002) ("No automobile insurance policy may be issued ... unless it contains a provision insuring the persons defined as insured against loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of ... [motor vehicles].").  Thus, the third party, or the incidental beneficiary, does not have a contractual relationship with the insurer and cannot maintain

an action against the insurer for breach of the insurance contract. *See Bob Hammond Constr. Co. v. Banks Constr. Co.,* 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct.App.1994) (holding a third person not in contractual privity with the contracting parties has no right to enforce a contract unless the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to that third person); *see also Kleckley v. Northwestern Nat'l Cas. Co.,* 338 S.C. 131, 136, 526 S.E.2d 218, 220 (2000) (holding an injured third party could not assert a bad faith claim against a tortfeasor's insurance company because the injured party was not a party to the contract); *Major,* 267 S.C. at 520, 229 S.E.2d at 850.

■ In this case, Trancik does not claim the insurance contract is anything but an indemnity contract.[3]  Furthermore, Trancik does not assert that he or Wiggs is a third-party, as opposed to an incidental, beneficiary of the insurance contract. Thus, Trancik has not alleged a basis upon which to assert the existence of contractual privity between Wiggs and USAA. *See* 44 Am.Jur.2d *Insurance* § 1445 (1982); *Major,* 267 S.C. at 520, 229 S.E.2d at 850; *McPherson,* 306 S.C. at 464, 412 S.E.2d at 449.

Because Wiggs had no contractual privity with USAA, Trancik received no greater right from Wiggs through her assignment. *See Singletary v. Aetna Cas. & Sur. Co.,* 316 S.C. 199, 201, 447 S.E.2d 869, 870 (Ct.App.1994) (holding an "assignee ... stands in the shoes of its assignor"); *Rosemond v. Campbell,* 288 S.C. 516, 522, 343 S.E.2d 641, 645 (Ct.App. 1986) ("At common law, an assignee's rights can be no greater than those of his assignor."). Therefore, notwithstanding the obligations incurred by Wiggs pursuant to the assignment contract, mere notification of the assignment was insufficient to contractually bind USAA. Taking Trancik's well-pled allegations as true, USAA was not in privity of contract with Wiggs or Trancik and was not a party to the assignment. Therefore, USAA had no contractual duty to abide by its terms.

## CONCLUSION

Based on the foregoing, the decision of the trial court is

---

**3.** The USAA insurance policy is not included in the record on appeal.

**AFFIRMED.**[4]

HUFF and STILWELL, JJ., concur.

---

**4.** The trial court also ruled the assignment was unenforceable because, if valid, it would place an undue burden on USAA. Because we agree with the trial court's ruling no contractual privity existed, we need not reach this issue.