**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Gregg N. Battersby, Appellant,

v.

Pamela Reid, State Farm Mutual Automobile Insurance Company and John Wiles, Defendants,

Of which State Farm Mutual Automobile Insurance Company and John Wiles are the Respondents.

Appellate Case No. 2018-000943

———————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-044
Submitted December 1, 2020 – Filed February 10, 2021

———————

**AFFIRMED**

———————

Dr. Gregg N. Battersby, of Starr, pro se.

Charles R. Norris, of Nelson Mullins Riley & Scarborough, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** Pamela Reid was injured when her car was struck by one driven by William Calcutt, an insured of State Farm. Reid sought chiropractic treatment for her injuries from Dr. Gregg N. Battersby. Reid signed an array of documents Dr. Battersby presented, including: (1) an "Assignment of Proceeds, Contractual Lien, and Authorization," which purported to grant Dr. Battersby a lien on the settlement of Reid's personal injury claim, authorized insurance companies to pay him directly for his treatment, and—if an insurance company refused to pay him—assigned Reid's right to sue the insurance company to him; (2) a "Lien on my Personal Injury Claim," which purported to give Dr. Battersby a lien on the settlement of Reid's personal injury claim and also contemplated that if the insurance company refused to honor such lien, Dr. Battersby could settle Reid's claim and pay his bill from the proceeds; and (3) an "Irrevocable Healthcare Power of Attorney," which purported to direct any "health insurance companies" to make the check for Reid's treatment payable to Dr. Battersby and send payment directly to him. There were no written contracts between Dr. Battersby and State Farm.

Dr. Battersby completed Reid's treatment on August 14, 2017. His total bill was $5,010. The next day Dr. Battersby telephoned John Wiles, a claims specialist for State Farm, and recorded the conversation. The phone conversation transcript included the following exchange:

> Dr. Battersby: Okay. Also, she had signed a lien directing payment to me. Are you going -- I will forward that to you, and I believe she has also spoken with -- I don't know if it was you or one of the adjusters reinforcing that, that she does want payment to go to me for her -- her care.
>
> Wiles: Okay.
>
> Dr. Battersby: I would like to honor that.
>
> Wiles: Yeah, if she wants us to pay you-all directly, we -- we certainly can. That's not a problem for us.

On August 24, 2017, Reid settled her claim against Calcutt for $7,000. Reid asked State Farm to pay the settlement funds directly to her, which they did. Reid did not pay Dr. Battersby.

Dr. Battersby brought this lawsuit pro se against State Farm, Wiles, and Reid[1], alleging (1) breach of contract against State Farm and Reid, (2) fraud against State Farm and Reid, and (3) negligence and negligent misrepresentation against State Farm. State Farm's answer asserted various defenses, including the statute of frauds, lack of consideration, and lack of privity of contract. State Farm moved for summary judgment.

The trial court granted State Farm summary judgment, ruling Dr. Battersby's contracts with Reid did not grant him any right to seek payment directly from State Farm, and any oral agreement he allegedly had with State Farm was unenforceable due to the Statute of Frauds, § 32-3-10(2) of the South Carolina Code (2007). The trial court declined to rule on State Farm's other grounds for summary judgment. Dr. Battersby did not move for reconsideration under Rule 59, SCRCP.

## I.

We review a grant of summary judgment using the same yardstick as the trial court: we view the facts in the light most favorable to Dr. Battersby, the non-moving party, and draw all reasonable inferences in his favor. *NationsBank v. Scott Farm*, 320 S.C. 299, 303, 465 S.E.2d 98, 100 (Ct. App. 1995). State Farm is entitled to summary judgment only if "there is no genuine issue as to any material fact . . . ." Rule 56(c), SCRCP. Summary judgment is a drastic remedy to be invoked cautiously and must be denied if Dr. Battersby demonstrates a scintilla of evidence in support of his claims. *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).

## II.

### A. Whether a valid contract existed

Dr. Battersby contends he had an oral contract with State Farm because Wiles stated State Farm would pay him directly for his treatment of Reid. According to Dr. Battersby, State Farm breached this oral contract when it paid the full settlement proceeds directly to Reid.

Viewing the call transcript and other evidence in the light most favorable to Dr. Battersby, there is no genuine issue of material fact. There is no evidence State Farm agreed to pay Dr. Battersby directly without obtaining further consent from Reid. Dr. Battersby had no written contract with State Farm. Reid assigned Dr. Battersby

---

[1]We refer to State Farm and Wiles collectively as "State Farm."

"all my rights, remedies, and benefits," but she had no contractual relationship with or any right to sue State Farm. She could not give Dr. Battersby any rights greater than her own. *See Trancik v. USAA Ins. Co.*, 354 S.C. 549, 554–55, 581 S.E.2d 858, 861–62 (Ct. App. 2003) (noting because the doctor's patient had no contractual privity with the insurer, the doctor could receive no greater right from the patient by assignment, and the "mere notification of the assignment was insufficient to contractually bind [the insurer]").

Summary judgment to State Farm was also proper because the alleged oral contract lacked consideration. There was no right, interest, profit, or benefit that accrued to State Farm from the phone conversation to directly pay Dr. Battersby for Reid's medical bills. *See Prestwick Golf Club, Inc. v, Prestwick Ltd. P'ship*, 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct. App. 1998) ("Valuable consideration to support a contract may consist of some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other."). Nor did Dr. Battersby give any forbearance or other consideration as his treatment of Reid was over by the time he spoke to Wiles.

## B. South Carolina Statute of Frauds, S.C. Code § 32-3-10(2)

State Farm alternatively asserts the alleged oral contract is unenforceable because it was not in writing. Section 32-3-10(2) requires a promise to answer for the debt of another to be in writing and signed by the party to be charged. State Farm argues the alleged oral contract contemplated by Dr. Battersby falls within the statute of frauds because it concerned payment of Reid's bills—which is a promise to answer for the debt of another.

We agree with the trial court that the alleged oral contract is unenforceable because it was not in writing. *See Fici v. Koon*, 372 S.C. 341, 346, 642 S.E.2d 602, 604 (2007) (holding party seeking to enforce oral contract bears burden of proof and "[t]o satisfy the Statute of Frauds, every essential element of the contract must be expressed in a writing signed by the party to be compelled").

## C. Unpreserved issues

State Farm claims Dr. Battersby did not preserve his remaining issues, primarily his contentions that he offered enough evidence on his negligent misrepresentation claim to survive summary judgment. We agree. The trial court's order did not rule upon issues Dr. Battersby now raises concerning damages, detrimental reliance, or pecuniary interest. Dr. Battersby did not file a Rule 59, SCRCP motion requesting a specific ruling on these issues. Consequently, they are not preserved for our

review. *See I'on, LLC v. Town of Mount Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

One issue, though, bears further mention. Dr. Battersby theorizes he detrimentally relied on what he perceives was State Farm's misrepresentation that it would pay him directly. When Reid settled her claim and State Farm paid the full settlement proceeds to her, Dr. Battersby argues State Farm deprived him of his right to "take over the claim and settle it as he saw fit." State Farm contends Dr. Battersby could not settle Reid's claim because to do so would constitute the unauthorized practice of law.

Although we hold this issue is unpreserved because the trial court never ruled upon it and there is no authority cited in Dr. Battersby's brief regarding it, s*ee* Rule 208(b)(1)(E), SCACR (requiring citation of authority in the argument portion of an appellant's brief); *Hunt v. Forestry Comm'n*, 358 S.C. 564, 573, 595 S.E.2d 846, 851 (Ct. App. 2004) ("Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal."), the trial court rightly cautioned Dr. Battersby that settlement of a third party's personal injury claim may be the unauthorized practice of law.

Finally, the record discloses this is the second time Dr. Battersby has attempted, without a sound legal basis and without avail, to sue an insurer attempting to recoup treatment fees incurred by a patient. Judge McIntosh dismissed Dr. Battersby's claims in the first attempt, citing *Trancik,* the same precedent that controls here. There may be no education in the second kick of a mule, but this opinion shall serve as fair notice to Dr. Battersby that further such unsupported attempts may result in appropriate sanctions.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.